**HINES, Director General of Railroads, et al. v. BACON, Co. Treas.**

No. 11285—Opinion Filed June 5, 1923.

**Process — Validity — Clerical Errors in Returnable Date of Summons.**

In an action against a county treasurer to recover taxes paid to the treasurer under protest under section 7, subd. B, art. 1, chap. 107, Session Laws of 1915, where the court clerk, by clerical error, made the summons returnable on the answer day as fixed in the summons, and where the proper return day was indorsed on the summons, and the summons was in fact served on the defendant 28 days before answer day and the defendant is deprived of no substantial right by reason of such irregularity in the summons, held, error to sustain a motion to quash the summons because of such irregularity.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by Walker D. Hines, Director General of Railroads of the United States, and the Atchison, Topeka & Santa Fe Railway Company, a corporation, against E. L. Bacon, County Treasurer of Ellis County. Judgment for defendant, and plaintiff appeals. Reversed.

Cottingham & Hayes, Hunter L. Johnson, and C. B. Leedy, for plaintiffs in error.

Harry C. Brownlee, Co. Atty., for defendant in error.

Opinion by RAY, C. This is an appeal from an order quashing the summons.

June 12, 1919, plaintiffs in error, plaintiffs below, paid to the county treasurer, under protest, $466.28 taxes, claimed by plaintiffs to be illegal, and, at the same time, gave the notice required by statute of their intention to bring an action to recover the same under section 7, subd. B, art. 1, chap. 107, Sess. Laws 1915, which provides:

"* * * It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of thirty days and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit. * * *"

Suit was brought and summons served within the 30 days prescribed by the statute. On motion of the county attorney, the summons and service thereof was quashed because of an irregularity appearing upon the face of the summons. Plaintiffs claim, and the county attorney does not question it, that the order quashing the summons, made after the expiration of the 30 days time limit for the service of summons upon the county treasurer, was a determination of the suit, and, therefore, a final order from which an appeal lies. And in this we concur.

The parts of the praecipe, summons, and motion to quash, necessary for the consideration of the question presented, are here set out.

The praecipe for summons concludes as follows:

"Make summons returnable 14th day of July, 1919. Defendants required to answer on or before the fourth day of August, 1919.

"Dated this 5th day of July, A. D. 1919."

The summons, otherwise regular, after fixing the 4th day of August, 1919, as the answer day for the defendant, concludes:

"You will make due return of this summons on the 4th day of August, A. D. 1919.

"Witness my hand and seal of court affixed at my office in Arnett this fifth day of July, A. D. 1919.

"R. H. Elder, Court Clerk,

"By Chloe Dean, Deputy."

The summons was indorsed:

"Issued July 5th, 1919. Returnable July 14th, 1919. Answer due August 4th, 1919. Filed July 7th, 1919.

"R. H. Elder, Court Clerk."

The summons was in fact served on the defendant and return made July 7, 1919. July 15, 1919, the county attorney filed his motion—

"* * * to quash, set aside and hold for naught the summons and pretended service thereof in this cause for the reason that said summons was issued July 5th, 1919, and specified therein August 4th, 1919, as the return date thereof, and fixes said return date, August 4th, 1919, as the answer date for defendant to answer in said cause, and that said summons was not issued, served and returned according to law."

Pending the consideration of this motion, attorney for plaintiffs asked leave of court to amend the summons by changing the return day from August 4 to July 15, 1919. The court denied the request and sustained the motion to quash the summons and the service thereof. Plaintiffs excepted to the order of the court, gave notice of appeal, and bring the case here by petition in error and case-made.

If the trial court be sustained, then the plaintiffs are denied their day in court solely because of a clerical error of a public official which in no way affects the substantial rights of the defendant, and that. too, when the interest of the public official making the error is identical with that of the defendant. Section 4791, Rev. Laws 1910 (sec. 319, Comp. Stats. 1921), provides:

"The court, in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The question of the irregularities of the summons has been before this court a number of times. In Lawton v. Nicholas, 12 Okla. 550, 73 Pac. 262, the summons was made returnable 12 days from the date it was issued. This was treated as an irregularity and not voiding the summons. In Aggers v. Bridges, 31 Okla. 617, 122 Pac. 170, the notice by publication required the defendant to answer in 36 days from the first publication, instead of the 41 days given by statute. It was held that the motion to quash should have been sustained upon the ground that it deprived the defendant of a substantial right given him by statute. In State ex rel. Collins v. Parks, 34 Okla. 335, 126 Pac. 242, the summons was made returnable ten days, and answer day 20 days, from the date it was issued. The summons was held void for the same reason.

In Continental Ins. Co. v. Norman, 71 Oklahoma, 176 Pac. 211, the summons was directed to the sheriff of another county than the one where issued, and made returnable in five days from the day it was issued. It was held that the trial court did not err in overruling the motion to quash, although the statute provided that in such case the summons should be made returnable not less than ten days nor more than 60 days from the date issued. Justice Rainey, writing the opinion, after reviewing Agger v. Bridges and State ex rel. Collins v. Parks, supra, as well as the Kansas cases, said:

"The principle of law announced in these cases is sound, but is not applicable to the case under consideration; for, while it is clear that the provisions of the Code giving the defendants a fixed period of time within which to plead, which were under consideration in the cases cited, were for the benefit of the defendants served, it is equally clear that the provisions of section 4707, Rev. Laws of 1910, fixing the time within which the officer shall serve and return the summons, are solely for the benefit of the officer to whom the summons is directed. * * * We conclude then that, while the summons was irregular, the defendant was neither deprived of any statutory right nor prejudiced in any way, and was not in a position to complain of its irregularity. Therefore the court did not err in overruling the motion to quash."

In this case the defendant had more than 20 days from the return day as indorsed on the summons, in which to answer. He had 28 days from the day the summons was actually served. The clerical error of the court clerk did not deprive the defendant of any

substantial right or mislead him to his detriment.

The case should be reversed, with directions to the trial court to set aside the order quashing the summons, and to overrule the defendant's motion to quash.

By the Court: It is so ordered.