**Richard E. VAN GUNDY, Executor of the Estates of James L. Van Gundy and Grace Van Gundy, Plaintiff,**

v.

**Morris E. ELLIS, W. M. Tynan and Company, Inc., New York Central Railroad Company, Strick Trailer Division of the Fruehauf Corporation, Defendants.**

**Civ. No. 6–1718–C–1.**

United States District Court
S. D. Iowa,
Central Division.

Nov. 1, 1965.

⊗⎯411

---

Don C. Swanson, F. H. Forrest, Des Moines, Iowa, for plaintiff.

Kent M. Forney, Michael Figenshaw, Herschel G. Langdon and Richard G. Langdon, Des Moines, Iowa, for defendants.

ROY L. STEPHENSON, Chief Judge.

This matter is now before the Court upon the mo'ions of the defendants, W. M. Tynan and Company, New York Central Railroad Company, and Morris E. Ellis, to dismiss this action or, in the alternative, to quash the return of service of summons. Resistances have been filed to each of the motions. The motions shall be considered separately.

There have been two services of process upon the defendant, W. M. Tynan and Company. Since the services of process were made outside the state of Iowa and were not made under any special federal provision, the validity of the services is governed by Iowa law. The first service of process was defective because it is not authorized by Iowa law. It is contended by plaintiff that Section 321.504 of the Iowa Code permits service of process upon a nonresident and that under this provision the process may be personally served in a foreign state. Such an interpretation of this statutory pro-

vision is erroneous. Section 321.504 of the Iowa Code relates to notification of service of process and not to the service of process itself. An effective service of process under the Iowa Nonresident Motorist Statute can only be made by serving process upon the Iowa Commissioner of Public Safety. Plaintiff's first service of process did not comply with this requirement. Furthermore, the plaintiff's process incorrectly stated the time of required appearance. It has been held that this error in itself is sufficient to label a process defective. Fernekes & Bros. v. Case, 75 Iowa 152, 39 N.W. 238 (1888). Thus, the first service of process upon W. M. Tynan & Co. was defective. Moreover, it was insufficient to toll any applicable statute of limitations. Burkhardt v. Bates, 191 F.Supp. 149 (N.D. Iowa 1961); Fernekes & Bros. v. Case, supra. The second service of process upon this defendant was made in compliance with the Iowa nonresident motorist statute and, normally, would have been sufficient to confer jurisdiction upon this Court. In this instance, however, the service of process was not made until September 21, 1965. The accident giving rise to this cause of action occurred on September 6, 1963. Section 614.1 of the Iowa Code provides that all actions founded upon personal injuries must be brought within two years from the date the injury occurs. Since the service of process in this instance was made after that period of time, it has no legal effect. The applicable statute of limitations has run with respect to plaintiff's claim against W. M. Tynan and Company. Thus, the part of plaintiff's complaint seeking relief against W. M. Tynan and Company must be dismissed.

The defendant, New York Central Railroad Company, also urges that the service of process upon it is defective. This defendant contends that it is not subject to service in this state and, even if it were amenable to process, an improper agent was served. Clearly, mere solicitation of business alone is not sufficient to render a corporation amenable to service of process within the state.

Long v. Victor Products Corp., 297 F.2d 577 (8th Cir.1961). However, the defendant in this instance maintained a permanent office within the state for the purpose of business solicitation. It is the conclusion of the court that this factor plus the solicitation of business by the defendant is sufficient to render it amenable to service of process within the meaning and limitations of procedural due process requirements. See Note, 49 Iowa L.Rev. 1224 (1964). If a corporation is amenable to service of process, the person in the state who is in charge of the corporate activities within the state is a proper agent upon whom process can be served. The motion of the defendant, New York Central Railroad Company, must therefore be denied.

Finally, another defendant, Morris E. Ellis, contends that the service of process upon him was defective, that such service should be quashed, and that the complaint against him should be dismissed. The court finds no merit in these contentions. A timely service of process upon this defendant was made in substantial compliance with the nonresident motorist provisions of the Iowa Code. Although in this instance, amenability to the process of this Court is governed by state law, neither the Iowa statutes nor the rules of this court require rigid adherence to the form of notice set out in Section 321.502, Code of Iowa.

Rule 4(d) Federal Rules of Civil Procedure designates the officers who may issue and serve the process of this Court. This rule is neither enlarged nor modified by state statute.

In adapting their authorized functions to the requirements of Iowa statutes, these officers have devised certain forms upon which they record the acts and procedures employed in serving the process of this Court. In this case, these forms reflect a strict and complete compliance with all pertinent Federal Rules and Iowa statutes.

The motion of defendant Morris E. Ellis must be denied.

It is ordered that the motions of the defendant, W. M. Tynan and Company, filed September 24, 1965 and October 6, 1965, to quash services of process upon it be and are hereby granted.

It is further ordered that the part of this action which is brought against W. M. Tynan and Company be and is hereby dismissed.

It is further ordered that the motion of the defendant, New York Central Railroad Company, filed September 23, 1965, to dismiss the complaint or to quash the service of process upon it be and is hereby denied.

It is further ordered that the motion of the defendant, Morris E. Ellis, filed October 6, 1965, to dismiss the complaint or to quash the service of process upon it be and is hereby denied.