**James L. PARKS, Plaintiff,**

v.

**Duffie V. SLAUGHTER and E. C. Harris, dba Northside Motor Co., Defendants.**

**No. 67–186 Civ.**

United States District Court
W. D. Oklahoma.

July 14, 1967.

Mathews, Buck, Cain, Crabtree & Lynn, Oklahoma City, Okl., for plaintiff.

Duvall, Head, McKinney & Travis, Oklahoma City, Okl., for defendants.

### ORDER

DAUGHERTY, District Judge.

This case is now before the Court for consideration of the Defendants' Special Appearance and Motion to Quash and the

Plaintiff's Response thereto. The general issue raised is the alleged lack of jurisdiction due to the failure of Plaintiff to achieve valid service of process upon the Defendants. The specific challenge made is to the irregularity of the manner of service on the Defendants, each of whom were served personally by the U. S. Marshal in Texas per the Returns. Defendants aver that under the Oklahoma Non-Resident Motorist Service Act, Title 47 O.S.A. Section 391 et seq., the exclusive method of service provided is to first serve the Secretary of State with notification to a Defendant thereafter by registered mail or personal service. On the other hand, the Plaintiff contends the "long arm" provisions of the Uniform Interstate and International Procedure Act, as adopted in Oklahoma in 1965, Title 12 O.S.A. Sections 1701.01–1702.04, are operative in this case and this Act authorizes personal service in the manner in which it was effected herein. The Plaintiff, therefore, concludes there is no necessity for complying with the Oklahoma Non-Resident Motorist Service Act by service upon the state official.

This action arises from personal injuries sustained in an automobile-truck collision in Oklahoma County, Oklahoma. Service of process is governed in this diversity action by Rule 4(d) (1) and (7), F.R.Civ.P. 28 U.S.C.A. which provides, inter alia, that service on an individual is sufficient if the summons and complaint are served in accordance with the law of the state in which the District Court is held. Denton v. Ellis, 258 F. Supp. 223 (E.D.N.Carolina, 1966).

It is undisputed factually and legally that service of summons or mailing was not had herein through the Secretary of State in compliance with the Oklahoma Non-Resident Motorist Service Act, Title 47 O.S.A. Section 394. See 15 Okla. Law Review 88, and Van Gundy v. Ellis, 246 F.Supp. 802 (S.D.Iowa, 1965).

Next, of course, the question is whether the Plaintiff can find any comfort in the Uniform Interstate and International Procedure Act for personal service and personal jurisdiction of a non-resident motorist and his principal. The pioneer statute in this area (Long Arm) was enacted in Illinois in 1956 and upheld in Nelson v. Miller, 11 Ill. 2d 378, 143 N.E. 2d 673 (1957). Also see 2 L.Ed.2d 1664 Annot.; Development of the Doctrine of Pennoyer v. Neff, as regards jurisdiction over non-resident individuals and foreign corporations—Supreme Court cases. The Uniform Interstate and International Procedure Act authorizes personal jurisdiction to be exercised by personal service in the manner prescribed for service within the State. Title 12 O.S.A. Sections 1701.04 and 1702.01(a) (1). If the extrastate service is valid, however, it must be obtained within the umbrage of one of the bases of jurisdiction enumerated in Title 12 O.S.A. Section 1701.03. See 19 Okla. Law Review, 443, 446. The subpart applicable to this action is Title 12 O.S.A. Section 1701.03(a) (3) providing for personal jurisdiction over a person "causing tortious injury in this state by an act or omission in this state; * * *."

Apart from the question of ultimate liability, the facts set out in the Complaint are sufficient to support the conclusion that the Defendants have committed or caused to be committed a jurisdictional act by causing tortious injury in this State. Cf. Keckler v. Brookwood Country Club, 248 F.Supp. 645 (N. D.Ill.E.D.1965). The methods of obtaining service of process in Article II of the Uniform Interstate and International Procedure Act were modeled after the Motorists Service of Process Acts but were designed to give superior and actual notice to a defendant who has had substantial connection with the forum. See 17 Ark. Law Review 118–125. The Act is to be so construed and interpreted to effectuate its general purposes of making the state law uniform, Title 12 O.S.A. Section 1706.02, and to widen the constitutional bases upon which the courts of the states may exercise in personam jurisdiction consistent with due process of law. 36 Okla. Bar Journal, 2205, 2209. It was not intended to re-

peal or modify other laws "permitting a procedure for service * * * other than the procedures prescribed in Article II * * * of this act; * * *." Title 12 O.S.A. Section 1706.01(b).

Therefore, the Court finds that the Uniform Interstate and International Procedure Act and the Oklahoma Non-Resident Motorist Service Act are not mutually exclusive, but are cumulative and provide alternative and harmonious methods of exercising personal jurisdiction by substituted or extrastate personal service when consistent with statutory standards and due process of law. The Defendants' Special Appearance and Motion to Quash must be overruled and denied. The Defendants will have fifteen (15) days from this date to further plead or answer.