**VEMCO PLATING, INC., a corporation,**
**Appellant,**

v.

**DENVER FIRE CLAY COMPANY,**
a corporation, Appellee.

No. 43547.

Supreme Court of Oklahoma.

April 11, 1972.

McClelland, Collins, Sheehan, Bailey & Bailey, Oklahoma City, for appellant.

Val R. Miller, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellee.

BARNES, Justice:

This appeal involves the interpretation, and one application, of the statute that the Thirtieth Oklahoma Legislature enacted in May, 1965, as the Uniform Interstate and International Procedure Act (S.L.1965, ch. 144; Title 12 O.S.1971 and 1966 Supp., §§ 1701.01–1706.04, both inclusive), sometimes referred to by the abbreviation "UIIP".

Appellant, hereinafter referred to as "plaintiff", employed this statute to obtain personal service on Appellee, a Delaware corporation, hereinafter referred to as "defendant", in a damage action it filed in the District Court. That court sustained said defendant's motion to quash and objection to the court's jurisdiction. The Court of Appeals, Division No. 2, affirmed that ruling. On certiorari, both courts are reversed.

Plaintiff's damage suit against defendant, and others, grew out of losses plaintiff allegedly incurred as a result of the failure of a galvanizing furnace to function properly after it had been installed in plaintiff's plating plant in Oklahoma City in early 1966. In its First Amended Petition, plaintiff alleged that the furnace was designed, manufactured, and sold to Hart Industrial Supply Company (hereinafter referred to merely as "Hart") to be installed in plaintiff's said plant, and, in essence, that said furnace was not suitable or fit for that purpose.

After the filing of said Amended Petition, purported personal service was obtained on defendant, after plaintiff had applied for, and obtained, under Section 1702.01, supra, an order designating a certain named person to mail that foreign corporation a copy of the summons issued for it.

In its motion to quash said summons and objection to the trial court's jurisdiction on the basis of such service, defendant alleged that service of process could not be made on it under 12 O.S.1968 Supp., § 187 (same as 12 O.S.1971, § 187), for the following reasons:

"(a) This defendant had not at any time material hereto, transacted any business within the State of Oklahoma;

"(b) This defendant had not at any time material hereto, committed any act within the State of Oklahoma;

"(c) This defendant has not and had not at any time material hereto, manufactured or distributed any product *regular-*

*ly sold in the ordinary course* of business in the State of Oklahoma and used within the State of Oklahoma. * * *" (Emphasis added)

In said pleading, defendant further alleged that if Section 187, supra, was applied to it under the facts of this case, then such application would be unconstitutional. The only claimed reason defendant has urged for such alleged unconstitutionality is that it does not have the "minimum contacts" required by due process to give the courts of this State jurisdiction over it.

In an affidavit of its president attached to defendant's said pleading, it was represented, among other things, that defendant's principal place of business is in Denver, Colorado; that defendant had never been authorized to do business, and has no property, franchises, salesmen, employees or agents, in Oklahoma; and that none of its corporate officers or directors resides in this State. The affidavit also represented that any sales defendant corporation had made in Oklahoma were of an infrequent and isolated nature. As to the instant case, the affidavit admitted that the defendant corporation furnished materials of the approximate value of $8,000.00 for construction of the furnace, but stated that these materials were ordered by Hart; and it denied that defendant had any contract or relationship with plaintiff.

On the day of the hearing in January, 1969, after which the trial court sustained defendant's motion and objection, Mr. King, president of plaintiff corporation, filed an affidavit in opposition to defendant's said pleading and therein made representations to the effect that the materials defendant furnished were supplied specifically for the particular furnace installed in plaintiff's plant in Oklahoma City; and the depositions of various officers and directors of plaintiff, of defendant, and of Hart, filed in the case definitely show that the materials were furnished on order of Hart (whose credit plaintiff was using) for installation at plaintiff's Oklahoma City plant and were shipped by defendant on consignment to Hart at the Oklahoma City address of plaintiff's plant, 8500 Southwest 8th Street. There is evidence showing that defendant selected these particular materials as appropriate for use in the design it had formulated to meet the particular requirements of that furnace.

Section 1701.03, supra, provides, in part, as follows:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

"(1) transacting any business in this state;

"(2) *contracting to supply* services or *things in this state;*

\* \* \* \* \* \*

"(7) maintaining any other relation to this state or to persons or property . . . who are residents of this state, which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States.

\* \* \* \* \* \*"

(Emphasis added)

■ In view of the facts which the affidavits, depositions, and exhibits filed in this case tend to show, it cannot be held that defendant did not contract to supply "things in this state" nor that it maintained no relation to "persons or property" residing in this State under the above quoted statute. As this statute was intended "to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the" United States Constitution's due process requirements (Hines v. Clendenning, Okl., 465 P.2d 460, 462) and is to be construed "to widen the constitutional bases upon which the courts of the states may exercise in personam jurisdiction consistent" with those requirements (Parks v. Slaughter, U.S.D.C., W.D., Okl., 270 F. Supp. 524, 525), defendant's arguments and authorities dealing with the bases of jurisdiction provided by the earlier enactment (Section 187, supra) are not persuasive.

The United States District Court has recently decided that Section 1701.03(2), supra, "is deemed . . ." to provide "long arm service" in a situation where a nonresident defendant contracted to supply his legal services to a resident plaintiff at a hearing to be conducted in Oklahoma. Vinita Broadcasting Company v. Colby, U. S.D.C., N.D., Okl., 320 F.Supp. 902, 904. There, the court further said that in that case the "minimum contacts" and "substantial connections" requirements of due process enunciated in International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223, "appeared to be satisfied" (even though, as far as the opinion shows, the making of that contract was a single, isolated transaction). In Nevada, a long arm statute containing some of the same wording as that in Oklahoma's UIIP and Section 187, supra, has received a similar interpretation. See Metal-Matic, Inc. v. Eighth Judicial District Court, 82 Neb. 263, 415 P.2d 617.

Here, the facts alleged and represented not only show that jurisdiction in the Oklahoma Court involved is consonant with tenets of "fair play" and "substantial justice" referred to in defendant's brief, but they also meet the test of "most convenient forum" mentioned in Metal-Matic, Inc., supra.

 In view of the foregoing, we hold that personal service on the defendant foreign corporation is authorized under the UIIP.

The second and last "PROPOSITION" in the parties' briefs deals with whether or not the purported service on defendant should have been quashed (without regard to the question of extra-territorial jurisdiction), although defendant's brief represents that the trial court based its ruling on the jurisdiction issue, and says that, accordingly, this other issue is "no longer relevant."

As the general terms of the trial court's order do not specifically reflect, or support, this representation, and, notwithstanding it, defendant's brief also suggests that the summons served on it was defective for not allowing 41 days to answer, we now determine whether the service was of the character contemplated in the UIIP. Section 1702.01, supra, provides in part:

"(a) When the law of this state authorizes service outside this state, the service may be made:

"(1) by personal delivery in the manner prescribed for service within this state;

\* \* \* \* \* \*

"(3) by any form of mail addressed to the person to be served and requiring a return receipt;

\* \* \* \* \* \*

"(5) as directed by the court.

"(b) Proof of service outside this state may be made by affidavit of the individual who made the service or in the manner prescribed by . . . the order pursuant to which the service is made, or \* \* \*. When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court."

Section 1702.02, supra, provides:

"*Service outside this state may be made by an individual* who is not a party permitted to make service of process under the law of this state or under the law of the place in which the service is made or *who is designated to make service by a court of this state*." (Emphasis added)

The record of the proceedings instituted in this case to obtain service on defendant contradicts the latter's representation that "plaintiff was attempting to claim jurisdiction over" it under Section 187, supra, for both the application for the court order and the previously mentioned court order designating an individual, one Ruth E. Barrett, to make the service, specifically cite "Section 1702.01 et seq." as the statutory authority for said proceeding. The order contains no specifications as to form

or requirements of the summons, but merely directs Ruth E. Barrett to mail "a true and correct copy of the summons to the defendant, Denver Fire Clay Company, a corporation, by certified mail *and* their place of business, 2401 East 40th Street, Denver, Colorado 80217.

The summons was issued by the court clerk on November 13th, was returnable on November 23rd, and allowed defendant until December 13, 1968, to file its answer. (Defendant's special appearance, motion to quash, and objection to the court's jurisdiction was filed December 12, 1968.) According to Ms. Barrett's Affidavit of Mailing, she mailed a copy of the summons to defendant at its above specified Denver street address on November 13th, and, according to the return card receipt attached to her affidavit, the summons copy was received by defendant in Denver on November 15, 1968.

As will be noted, the summons allowed defendant 20 days after its return date to answer plaintiff's petition. This period is all the time to which Oklahoma resident defendants are entitled under Title 12 O.S.1961 and 1971, § 283. In this connection, notice Continental Ins. Co. v. Norman, 71 Okl. 146, 176 P. 211, and Hines v. Bacon, 91 Okl. 55, 215 P. 1048. (It will be noted from the date a copy of this summons was shown to have been received by it, defendant had almost 30 days from that date within which to plead or answer in the case.)

 The service that was here effected was a form of personal (as distinguished from publication) service authorized by Section 1702.01, supra. Where authorized by the court direction referred to in paragraph "(a)", subparagraph "(5)" of said section, it may be accomplished by mail delivery. Such personal service is also distinguishable from the personal service contemplated by Title 12 O.S.1961 and 1971, § 175, to be accomplished through personal delivery (to defendants of copies of summonses) by a sheriff or one of his deputies (without direction, or order, of any court).

We therefore hold that the 41 days referred to in Section 175, supra, has no necessary application to the type of service effected in this case; and the fact that the return, and answer, dates set forth in the summons issued for defendant were less than 21 days, and 41 days, respectively, from the summons' date of issuance constituted no valid basis for quashing it. As defendant asserts no other ground upon which its motion might have been sustainable, we hold that the trial court erred in purporting to sustain it in the order appealed from.

For the reasons herein set forth, the decision of the Court of Appeals, Division No. 2, and the order of the District Court are reversed, and this cause is remanded to the latter Court with directions to vacate said order and proceed in a manner consistent herewith.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.

DAVISON, V. C. J., dissents.