STILLINGS TRANSPORTATION CORPORATION, an Oklahoma Corporation, Plaintiff,

v.

ROBERT JOHNSON GRAIN & MOLASSES COMPANY, a Foreign Corporation, Defendant.

No. 75–C–409–C.

United States District Court, N. D. Oklahoma.

Dec. 22, 1975.

Joel L. Wohlgemuth, Rizley, Prichard, Ford, Norman & Reed, Tulsa, Okl., for plaintiff.

J. M. Lee, Fillmore, Camp & Lee, Ft. Worth, Tex., Thomas R. Brett, Tulsa, Okl., for defendant.

## ORDER

COOK, District Judge.

Defendant herein, Robert Johnson Grain & Molasses Company, has filed a Motion to Dismiss. Plaintiff, Stillings Transportation Corporation, filed a Motion to Strike Motion to Dismiss and Answer of Defendant Robert Johnson Grain & Molasses Company, for the reasons that defendant had failed to submit a brief in support of its Motion to Dismiss in accordance with Rule 14(a) of the Rules of the United States District Court for the Northern District of Oklahoma and further because defendant was without resident counsel as required by Rule 5(h) of the Rules of this Court.

Defendant having now filed its brief in support of the Motion to Dismiss and having now acquired local counsel of record, plaintiff's Motion to Strike is moot.

Defendant contends in its Motion to Dismiss that this Court does not have jurisdiction over the defendant because the defendant is not amenable to service of process in that it has not had the requisite contact with the forum state as required by due process.

According to the uncontradicted affidavits submitted by defendant and plaintiff, defendant, Robert Johnson Grain & Molasses Company is incorporated under the laws of the State of Texas, with its principal place of business in Iowa Park, Texas. It is not incorporated in Oklahoma nor has it qualified to do business in the State of Oklahoma. In addition, defendant maintains no agent in the State of Oklahoma, and does not own any real property in Oklahoma. The alleged contract that is the basis of this suit was formed when an agent of the plaintiff, Stillings Transportation Corporation, telephoned the Traffic Manager of defendant company in defendant's office in Iowa Park, Texas, from Kansas City, Kansas. Subsequent to the conversation, defendant took possession of the railroad cars which are the object of this suit. These railroad cars were located in Texas at the time defendant took possession; and thereafter they traveled through the states of Texas, Louisiana and Arkansas.

The affidavit submitted by plaintiff states that all payments made by defendant pursuant to the terms of its agreement with the plaintiff were made to plaintiff's office in Tulsa, Oklahoma. In addition, two agents of defendant visited plaintiff's Tulsa office on December 11, 1974, for the purpose of discussing defendant's business transactions with plaintiff.

Pursuant to Rule 4(e) Federal Rules of Civil Procedure, service may be made upon a party not an inhabitant of or found within the state whenever a statute of the state in which the district court is held provides for service of a summons upon an out-of-state resident.

Title 12 O.S.1971 § 1701.03 makes a party amenable to in personam jurisdiction if he involves himself in the transacting of any business within the State of Oklahoma. The only limitation placed upon a court in exercising in personam jurisdiction over nonresidents transacting any business in Oklahoma is that of due process. *Vacu-*

*Maid, Inc. v. Covington,* Okl., 530 P.2d 137 (1974). This limitation is known as the "minimum contacts" rule pronounced by the United States Supreme Court in *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

▪ The Supreme Court extended the minimum contacts rule in *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). From *McGee* and *International Shoe,* we find the rule to be that a nonresident of the forum is subject to in personam jurisdiction in the forum with which he had minimum contacts, providing maintenance of the suit does not offend traditional notions of fair play and substantial justice. Just what amounts to minimum contacts must be decided by the facts of each individual case. *Vacu-Maid,* supra.

The courts of Oklahoma have made it clear that the Oklahoma long-arm statutes were intended to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the due process requirements of the Fourteenth Amendment of the United States Constitution. *Vacu-Maid, Inc., v. Covington,* supra; *Carmack v. Chemical Bank New York Trust Co.,* Okl., 536 P.2d 897 (1975); *Yankee Metal Products Co. v. District Court of Oklahoma,* Okl., 528 P.2d 311 (1974); *Vemco Plating, Inc. v. Denver Fire Clay Co.,* 496 P.2d 117 (1972); *Crescent Corp. v. Martin,* Okl., 443 P.2d 111 (1968); *Simms v. Hobbs,* Okl., 411 P.2d 503 (1966); *Marathon Battery Co. v. Kilpatrick,* Okl., 418 P.2d 900 (1965). There is no question but that in personam jurisdiction will be upheld in Oklahoma where the nonresident defendant is a *seller* who has shipped goods into Oklahoma, even if such shipment was an isolated or infrequent occurrence. See *Vemco Plating, Inc. v. Denver Fire Clay Co.,* supra. However, the Oklahoma courts are more reticent to uphold in personam jurisdiction when the defendant is a nonresident buyer. *Vacu-Maid,* supra. As stated in *Vacu-Maid,* "The reason most often given for this buyer-seller distinction is that the seller is the aggres-

sor or initiator in the forum and by selling his product in the state he receives the benefit and protection of the forum state's laws, and hopefully profits from its business therein. Further, allowing jurisdiction over 'passive' buyers would tend to extinguish state lines and also to discourage out-of-state purchasers from dealing with resident sellers."

The factual situation in *Vacu-Maid* was similar to the case at bar. The plaintiff seller, therein, sought defendant out in North Carolina and solicited his business. Further, defendant's single visit to Oklahoma was to get better acquainted with the products he was to sell for plaintiff. Additionally all the orders taken from defendant were by telephone and they were shipped freight collect directly to North Carolina. The court held that, "With these facts in mind, we think [defendant] falls more nearly within the passive purchaser category, and the additional factor of the goods being shipped f.o.b. Ponca City [Oklahoma] is not sufficient to increase defendant's contacts above the "minimum" level. . . . [Defendant's] chief contact in this state was that [plaintiff] manufactured the goods here." The court, quoting from *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) reiterated:

"The unilateral activity of those who claim relationship with a nonresident defendant cannot satisfy the requirement of contact with a forum State. . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

▪ In the case at bar, plaintiff having rented tank cars to defendant, plaintiff falls within the category of the initiator of the transaction or "seller." Defendant falls more nearly within the passive "purchaser" category and therefore, in keeping with *Vacu-Maid,* it is the determination of the Court that defendant's contacts with the State of Oklahoma, consisting of the payment of invoices to plaintiff's office in Tul-

sa, Oklahoma, and a visit to that office, do not meet the "minimum contacts" requirements of due process. Therefore, the maintenance of the suit does not comport with traditional notions of fair play and substantial justice and defendant's Motion to Dismiss is hereby sustained.