## GRAVES et al. v. FOSTER.

No. 20333. Opinion Filed June 14, 1932.

Pennell & Harrison, for plaintiffs in error.

Sam P. Ridings and John C. Stevenson, for defendant in error.

HEFNER, J. This action was brought in the district court of Grant county by Orley B. Graves and Lloyd C. Graves against Clyde E. Foster to recover an undivided two-thirds interest in 160 acres of land in that county.

The plaintiffs were, at all times during these proceedings, nonresidents of the state of Oklahoma and were citizens of and residents in the state of Kansas. The defendant was a resident of the state of Oklahoma from the 7th day of April, 1908, the time the land was purchased, until December 23, 1917, when he went to the state of Missouri, where he remained until late in the year 1926.

Defendant pleaded the 15 years' statute of limitations and this defense was sustained by the trial court. Plaintiffs have appealed and assert that the judgment is not sustained by the evidence, and is contrary to law.

Plaintiffs claim title to the land as heirs at law of Harry Graves, deceased; defendant claims title through a conveyance from Missouri Henryetta Graves, mother of deceased. The land involved herein originally constituted the homestead entry of Harry Graves, a single man. After his death, the patent was issued to his heirs.

It is conceded that plaintiffs, who were the brothers of deceased, inherited an undivided two-thirds interest in the land, and that Mrs. Graves, mother of deceased, inherited an undivided one-third interest therein. The patent was issued October 4, 1907, and, on April 7, 1908, Mrs. Graves, believing herself to have inherited the entire fee-simple title to the land, conveyed the same by warranty deed to Arthur Foster. Foster, on October 26, 1910, conveyed the land to his brother, defendant Clyde E. Foster. Both of the Fosters believed that the deed from Mrs. Graves conveyed all of the fee-simple title.

This action was brought January 9, 1927, more than 19 years after the execution of the deed from Mrs. Graves to Arthur Foster. The grantee of Mrs. Graves went into immediate possession of the land, and he and his grantee, Clyde Foster, either by themselves or by tenants, have since held continuous, open, exclusive, and adverse possession thereto, and have at all times claimed the entire fee-simple title therein against all persons. No question as to the sufficiency of adverse possession is raised.

On December 23, 1917, Clyde Foster went to the state of Missouri and remained in that state until the latter part of 1926, but left a tenant in possession of the premises. Plaintiffs urge that the statute of limitations was suspended and did not run against their cause of action during the time defendant was absent from the state, by virtue of section 188, C. O. S. 1921, which is as follows:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

Doubtless, what the Legislature had in mind when it passed this statute was to prevent a person from defeating a just claim or a just debt by concealing himself or absenting himself from the state and thereby prevent personal service upon him. It would be unjust to permit a person to buy a bill of goods or borrow money and then allow him to prevent a judgment against himself on the obligation by concealing himself or absenting himself from the state. Undoubtedly, it was this character of case that was in the minds of the legislators when the statute was enacted.

In the case at bar, the land which was the subject-matter of this suit was at all times within the jurisdiction of the proper courts of Grant county, Okla. Under our procedure, plaintiffs could have brought this

action at any time without personal service upon the defendant. In other words, the plaintiffs had a complete remedy in the courts of this state at all times, though the defendant was absent from the state for a period of about nine years. His absence did not prevent plaintiffs bringing the suit at any time. Possession could have been had, the deeds canceled, and the title cleared notwithstanding the absence of defendant.

In 17 R. C. L., at page 838, it is said:

"But it has been held that the rule suspending the statute of limitations during absence from the state does not apply to a case where relief can be given without personal service of process, such as an action to set aside a conveyance of land for fraud, in which service may be made by publication."

In the case of Boro v. Hidell, 120 S. W. 961, 135 Am. St. Rep. 857, the following rule is announced by the Supreme Court of Tennessee:

"The principle we decide is that where the party had his remedy complete and unaffected by the absence of the administrator or defendant, then such absence has not affected his right to sue, and is therefore not within the purpose of the act of 1865, preventing the lapse of time effectuating the bar of the statute during the absence of a party to be sued."

The question raised by this appeal has never been passed upon by this court. It has been held, however, that where a defendant is absent from the state, the fact that he may have property in the state subject to attachment does not affect the suspension of the statute during his absence. Knupp v. Hubbard, 130 Okla. 111, 265 P. 133. We think the rule there stated is correct. The defendant might owe a very large obligation and have very little property within the state. Before a deficiency judgment could be had, it would be necessary to have personal service on the defendant.

While there is respectable authority to the contrary, we think the better rule, and the one that should be followed in this state, was announced by the Supreme Court of Tennessee and is the rule that was followed by the trial court when it entered judgment herein.

Under the facts disclosed by this record, the trial court was correct in holding that plaintiffs' cause of action was barred by the statute of limitations, and its judgment in so doing is affirmed.

RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

LESTER, C. J., and CLARK, V. C. J., absent. SWINDALL, J., disqualified and not participating.