**WALKER, Adm'x, v. L. E. MEYERS CONST. CO.**

No. 25344. Oct. 8, 1935.

Rehearing Denied January 21, 1936.

Counts & Counts, for plaintiff in error.

Thos. H. Owen and Paul N. Lindsey, for defendant in error.

PER CURIAM. The plaintiff in error, hereinafter styled plaintiff, commenced this action on January 22, 1932, against the defendant in error, hereinafter styled defendant, seeking to recover damages for the death of Joe D. Walker. Plaintiff alleging in her third amended petition filed that Joe D. Walker came to his death through the negligence and carelessness of the defendant, on the 29th day of April, 1928. Further alleging that on the 23rd day of August, 1929, this plaintiff filed her petition against this defendant in the district court of Murray county, Okla., seeking to recover damages for the wrongful death of Joe D. Walker;

that said action was removed to the federal court for the Eastern District of Oklahoma, and defendant filed its answer therein, and that thereafter, and on the 3rd day of June, 1930, said cause was dismissed without prejudice and without having been heard upon its merits.

That subsequent thereto, and on July 3, 1930, plaintiff brought suit for the aforesaid wrongful death of Joe D. Walker against this defendant in the district court of Oklahoma county, Okla., and defendant appeared therein and filed its answer to plaintiff's petition: that this said action was dismissed without prejudice on January 15, 1932, and was never tried on its merits.

Plaintiff further alleges in said third amended petition that on the 29th day of November, 1929, the defendant, a foreign corporation, voluntarily withdrew from the state of Oklahoma, canceled its charter, permit, and license to do and transact business therein, and did not return to the state of Oklahoma and resume doing business therein until the 15th day of April, 1933. To this third amended petition defendant in due course filed its demurrer, demurring to said petition on the grounds that said petition showed upon its face that the cause of action attempted to be alleged therein was barred by the statutes of limitation governing said cause of action. Thereafter, and on the 30th day of August, 1933, defendant's demurrer was sustained. Plaintiff elected to stand upon her petition; declined to plead further. Thereupon, judgment was rendered for defendant, dismissing said cause, and plaintiff appealed to this court from said order.

The parties to this action, in their briefs filed herein, devote much time and space to the proposition whether the statute of limitation governing said cause of action was tolled by the absence of the defendant from the state of Oklahoma during the period alleged in plaintiff's petition. Plaintiff contending that said statute was tolled by reason of the fact that defendant was absent during said period, and by reason of the fact that service of summons could not be had on said defendant during said period by serving the Secretary of State, for the reason that said defendant was not doing business in the state of Oklahoma during said period. Plaintiff further contending that, even though defendant could have been served with process by serving the Secretary of State, defendant was still "out of the state" within the meaning of section 104, Okla. Stats. 1931.

Defendant contending that under section 9788, Okla. Stats. 1931, said defendant could have been served by serving the Secretary of State, by reason of the fact that the asserted cause of action of plaintiff had arisen prior to the withdrawal of the defendant from the state of Oklahoma, and that therefore the statute was not tolled.

It is our opinion that the position of the plaintiff is not tenable and that the statute was not tolled during the absence of the defendant from the state of Oklahoma; this for the reason that defendant could have been served with process and a personal judgment rendered under section 9788, Okla. Stats. 1931, the applicable portion of which is as follows:

"* * * And in case any domestic or foreign corporation shall remove from the state * * * it shall be lawful to serve any such corporation, its officers, directors, or trustees, by service upon the Secretary of State, and such service shall be as effective to all intent and purposes as if made upon the president or head officer of such corporation, or on the directors or managers of the affairs of such corporation, or the trustees thereof as hereinbefore designated. * * *"

The test as to whether the statute is tolled or not seems to be whether it is possible at all times to obtain service of process upon a foreign corporation, upon which a personal judgment could be rendered, even though the foreign corporation is absent from the state and a nonresident of the state. This question seems to be decided in the case of St. Louis & S. F. R. Co. v. Taliaferro, 67 Okla. 37, 168 P. 788, wherein the court, in construing section 4660, Rev. Laws 1910 (section 104, Okla. Stats. 1931) which is as follows:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought"

—said:

"A corporation can do nothing anywhere nor manifest its presence or being at all, except through its agents, its property, or its operation. For a foreign corporation, then, to be a nonresident of the state, or out of the state, in the sense of the statute, it must be out of the state in such sense as to

render it impracticable at all times to obtain service of process upon it."

The plaintiff can hardly say that she was hampered in the enforcement of her rights by the absence of the defendant from the state of Oklahoma during the time alleged in plaintiff's petition, and that the statute of limitation should be tolled for such period of time, for the reason that her petition discloses that on several occasions during said absence, she filed suit against said defendant and issues were joined in said actions by the filing of an answer by the defendant.

The remaining question is whether a party, after having filed an action and failing in the same, otherwise than upon the merits, and having taken advantage of section 106, Okla. Stats. 1931, which reads as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure"

—by filing a subsequent action between the same parties and involving the same subject-matter, is entitled to dismiss the subsequent action and file a new action within one year thereafter, but more than one year after the dismissal of the original action. This question does not seem to have been passed upon by this court.

It will be noted that section 106 uses the words "may commence a new action within one year." This would seem to mean that only one action is allowable under the protection of section 106. The Supreme Court of Kansas, in the case of Denton v. City of Atchison, 90 P. 764, in construing a statute identical with our section 106, said:

"A plaintiff who brings an action within the statutory period of limitation and dismisses the same without prejudice after the limitation has expired, may bring a new action within one year after such dismissal under section 23 of the Civil Code of Procedure; but where the new action is dismissed more than one year after the first dismissal, that section is no authority for the bringing of another new action."

To the same effect are the cases of Bush v. Cole, 1 Ohio App. 269; Hunter v. Ward, 15 Fed. (2d) 843 construing a similar statute from the state of Arkansas; Morrow v. Atlantic & C. Air Line Ry. Co. (S. C.) 66 S. E. 186; Reed v. Cincinnati, N. O. & T. P. Ry. Co. (Tenn.) 190 S. W. 458.

We are of the opinion that the intent of the Legislature was that only one action might be brought under section 106, Okla. Stats. 1931, and that the rule as announced in the above-cited decisions should be followed in this jurisdiction.

It follows that the judgment of the trial court should be affirmed.

The Supreme Court acknowledges the aid of Attorneys Logan Stephenson, William M. Taylor, and Clarence A. Warren in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Stephenson, and approved by Mr. Taylor and Mr. Warren, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.