**VINITA BROADCASTING COMPANY, Inc., Plaintiff,**

v.

**Lauren A. COLBY, Defendant.**

Civ. No. 70–C–355.

United States District Court, N. D. Oklahoma.

Jan. 8, 1971.

Delbert Brock, Tulsa, Okl., John W. Young and L. G. Hawkins, Sapulpa, Okl., for plaintiff.

John R. Richards of Houston, Klein & Davidson, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Defendant moves to dismiss for lack of jurisdiction over his person, improper venue, insufficient service of summons and that the Complaint fails to state a claim upon which relief can be granted.

Plaintiff alleges that it contracted with the Defendant by which contract Defendant was to perform legal services for Plaintiff in and with reference to a hearing to be conducted by the Federal Communications Commission in the State of Oklahoma and at which hearing the Defendant was to appear and represent the Plaintiff. 12 Oklahoma Statutes Supp. 1701.03 provides:

"§ 1701.03  *Bases of jurisdiction*

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

\*　　\*　　\*　　\*　　\*　　\*

(2) contracting to supply services \*　\*　\* in this state;."

Defendant asserts that he was never physically present in Oklahoma. Plaintiff states that this is one of the ways in which Defendant breached their contract. In any event, it appears from the Plaintiff's Complaint that Defendant contracted with Plaintiff to supply legal

services in this state.[1]  The case of Crescent Corporation v. Martin, 443 P. 2d 111 (Okl.1968), cited by Defendant is distinguishable for in that case the contract was to perform services in another state, not Oklahoma.  It is not clear from what the parties have submitted where the contract in the case at bar was consummated or whose laws are to be considered in enforcing the same or if payments on the same were made from Oklahoma but, as Defendant contracted (according to Plaintiff) to supply his legal services at a hearing to be conducted in Oklahoma, it is deemed for the present that 12 Oklahoma Statutes 1701.03(2) provides for long arm service in this type of situation and that the minimum contacts requirement of International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, and the requirement that the subject contract have substantial connections with Oklahoma as announced in McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, appear to be satisfied.  Thus, Defendant's Motion as to jurisdiction is overruled without prejudice to being reasserted at a later time.

■ As to the claim of improper venue, Defendant relies on 28 U.S.C. § 1404(a).  Under this statute, the burden is on the Defendant to establish his right to the requested transfer.  Texas Gulf Sulphur Company v. Ritter, 371 F. 2d 145 (Tenth Cir. 1967).  In making this determination, the Court is vested with reasonable discretion and unless the balance is strongly in favor of the Defendant, the Plaintiff's choice of forum should rarely be disturbed.  Chicago, Rock Island and Pac. R. Co. v. Hugh Breeding, Inc., 232 F.2d 584 (Tenth Cir. 1956).  The Court concludes that the Defendant has failed to sustain his burden regarding his claim of improper venue which is treated as a motion to transfer.  See Chicago, Rock Island and

Pac. R. Co. v. Hugh Breeding, Inc., supra;  Jenkins v. Wilson Freight Forwarding Co., 104 F.Supp. 422 (S.D.N.Y. 1952).

■ As to Defendant's complaint about the summons being insufficient, it is gathered from the file that the summons was issued on October 5, 1970, returnable November 5, 1970 and answer due November 15, 1970.  Plaintiff asserts (but the file does not reflect this) that the Defendant was actually personally served with this summons on October 14, 1970.  Defendant apparently complains that he was not afforded the required twenty days in which to answer. Apparently, he has had more than twenty days to answer calculated from the date he was personally served on October 14 until his stated answer date of November 15.  The summons is irregular but probably not fatally defective. The Court places the responsibility on the Plaintiff to be sure that he has good service on the Defendant.  To eliminate any argument on this point, Plaintiff may desire to obtain new service on the Defendant.  This portion of Defendant's Motion is overruled.

■ As the Complaint appears to state a claim upon which relief can be granted if supported by evidence, the Motion is overruled as to this ground.

Defendant's Motion to Dismiss is, therefore, overruled in its entirety.

■ Defendant also moves to strike or in the alternative to require Plaintiff to replead its Complaint.  Motions to strike are not favored and Defendant makes no clear showing that what he seeks to strike is redundant, immaterial, impertinent or scandalous matter.  Rule 12(f), R.F.Civ.P.  This Motion is overruled at this time subject to being discussed at the pre-trial conference.

■ The Court will agree that Plaintiff's Complaint is far from a model of

---

1. Neither party has seen fit to supply the Court with a copy of the written contract between the parties, if one exists.  The Defendant does not deny Plaintiff's assertions that the contract called for him to attend the Oklahoma hearing.  Thus, jurisdictional allegations are present in the Complaint.

good pleading. However, the crux of Plaintiff's case is not so vague or ambiguous that Defendant cannot reasonably frame a responsive pleading thereto in the opinion of the Court. Rule 12(e), F.R.Civ.P. By discovery, appropriate motion or motions and the pre-trial conference, the validity of certain of Plaintiff's claims can be ascertained and appropriate action taken in due course.

Therefore, Defendant's Motion to Strike or Replead is overruled. Defendant will answer the Complaint within twenty (20) days from the date hereof.