Robert G. CARMACK, Appellant,

v.

CHEMICAL BANK NEW YORK TRUST COMPANY, a national banking association, et al., Appellees.

No. 47456.

Supreme Court of Oklahoma.

May 20, 1975.

Rehearing Denied June 24, 1975.

Sanders, McElroy & Carpenter, Tulsa, for appellant.

Conner, Winters, Ballaine, Barry & McGowen by Horace D. Ballaine, Tulsa, for appellees.

DOOLIN, Justice.

The question presented by this appeal is whether an Oklahoma court may acquire jurisdiction over a New York based corporation who acted as trustee for a savings plan offered by Sinclair Oil Company as part of its contracts of employment. This involves the validity of the service of summons under our long-arm statutes.

Plaintiff instituted this action in the District Court of Tulsa County against Atlantic Richfield (Arco), Sinclair Oil Company, now merged into Arco (Sinclair), and Chemical Bank New York Trust Company (Chemical) to recover damages for losses sustained because of conversion of his stock by the trustee Chemical.

In 1953, Chemical entered into an agreement with Sinclair that it would serve as trustee for employees of Sinclair who wished to participate in the savings plan (the Plan). Under this plan Sinclair would withhold certain sums of money from the employee's earnings, add an additional 50%, and deposit said sums with Chemical. These funds were to be invested by Chemical in certain specified stocks, securities or United States government bonds at the option of the employee. Once a year Chemical mailed to the employee a statement setting forth his interest in the Plan. Upon the withdrawal of a participant from the Plan, the employee was paid according to the value of his interest on a "Value Determination Date". In December 1969, there were 1,412 employee-participants who were paid by Sinclair from the payroll point in Tulsa, and of these between 100 and 500 resided in Oklahoma.

Plaintiff became a member of the Plan in 1953, executing all necessary forms in Tulsa. His employment was terminated in 1969 when Sinclair merged into Arco. Plaintiff alleges that his interest in the Plan at that time was worth $5,190.00 more than he was actually paid, due to the negligent acts of the defendants in retaining his stock and delaying the delivery of it to him.

Service of summons on Chemical was by mail under 12 O.S.1971 § 187 and the Uniform Interstate and International Procedures Act 12 O.S.1971 § 1701.01 et seq. (UIIP) Chemical made a special appearance to deny the jurisdiction of the Oklahoma Court. The trial court sustained the special appearance and dismissed the action against Chemical because of lack of personal jurisdiction. From this order of dismissal, plaintiff appeals.

Plaintiff asserts that the trial court erred in holding that it could not exercise personal jurisdiction over Chemical under 12 O.S. 1701.03,[1] in that Chemical has been

---

1. § 1701.03 Bases of jurisdiction.—(a) A court may exercise personal jurisdiction over a person who acts directly *or by an agent,* as to a cause of action or claim for relief arising from the person's:
    (1) transacting any business in this state;
    (2) contracting to supply services or things in this state;
    (3) . . .
    (4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages

transacting business and supplying services in Oklahoma by collecting and holding funds in trust for Oklahoma employee-participants, making annual accountings, and paying such funds to the employee-participants upon their withdrawal from the trust.

Plaintiff asserts that these activities meet the "minimum contacts" rule and the standards of "fair play and substantial justice" as established in International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945). We agree.

■ Chemical denies that it has ever done business in Oklahoma or has committed any act here that would give Oklahoma jurisdiction over it. It relies on provisions in the agreement to the effect that the agreement would be governed by the laws of New York and that all communications to and from Chemical through the mails would be deemed to have taken place in New York, thus attempting to insure that it would not be subject to the jurisdiction of the courts of states other than New York. *The International Shoe Company* was attempting to do exactly the same thing. It took great pains to insure that payment was received and freight was shipped at points outside of Washington. Although a contract may provide *the choice of law* under which it is to be governed, it cannot contract away its availability to the courts of another state simply by stating that all transactions are deemed to have taken place in its home state.

Chemical principally relies on the United States Supreme Court decision of Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In that case a Pennsylvania domiciliary executed a trust in Delaware naming a Delaware corporation as trustee. Thereafter the settler moved to Florida. The validity of the trust agreement was contested in the Florida courts. The United States Supreme Court held that Florida could not exercise in personam jurisdiction over the defendant trust company, on the grounds that the agreement was entered into without any connection with the forum state; the trust company had no office in Florida and transacted no business there. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the (jurisdictional) requirement of contact with the forum State."

In the present case, however, the activity was not unilateral. The corporation had contacts, not just with the plaintiff but with all other employees enrolled in the Plan. In the Hanson case at the time the trust agreement was created there was no contact whatsoever in Florida. The trustee did not agree to "supply services" to people in Florida, while here Chemical agreed to supply services as trustee to 100–500 people in the state of Oklahoma including the plaintiff.

There was a strong dissent in *Hanson* that felt that the decision was a step backwards from the many instances where courts have allowed states to exercise jurisdiction over non-residents through their long-arm statutes because of the "increasing ease and rapidity of communication and the tremendous growth of interstate business activities."

This is the view taken by the court in McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). There the court allowed

in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;

(5) . . .

(6) . . .

(7) *maintaining any other relation to this state* or to persons or property including support for minor children who are residents of this state which affords a basis for the

exercise of personal jurisdiction by this state consistently with the Constitution of the United States.

(b) When jurisdiction is based solely upon this section, the defendant's appearance does not authorize the exercise of personal jurisdiction except as to a cause of action or claim for relief arising in the circumstances enumerated in this section. (Emphasis supplied.)

a California long-arm statute to reach a Texas insurance company, International Life, who had assumed the obligations of another insurance company who carried a policy with a California resident. The only contact that International had with California was writing one letter to the resident offering to insure him in accordance with his prior policy.

The Court pointed out that "when claims were small or moderate, individual claimants frequently could not afford the cost of bringing an action in a foreign forum—thus in effect making the company judgment proof."

That is exactly the result that might be obtained in this case if we denied the use of Oklahoma courts to employee participants attempting to recover their claims against Chemical. "Under such circumstances it (the defendant) has no vested right not to be sued in California." McGee v. International Life Ins. supra.

In the case of Lee v. Walworth Valve Co., 482 F.2d 297 (4th Cir. 1973) the defendant "found great comfort in Hanson v. Denckla from which it draws the conclusions that in assessing the fairness of holding Walworth answerable in South Carolina we may consider only factors affecting it, and may not consider the plaintiff's situation or the burdens which would be imposed upon her if required to assert her claim in the state of Walworth's domicile. But Hanson may not be read in such fashion."

■ The UIIP was intended to extend the jurisdiction of Oklahoma courts over non-residents to the outer limits permitted by the United States Constitution's due process requirements and is to be construed to widen constitutional bases upon which the courts of states may exercise in personam jurisdiction consistent with those requirements. Vemco Plating Inc. v. Denver Fire Clay Co., 496 P.2d 117 (Okl.1972).

The United States District Court has recently decided that Oklahoma's long-arm statute is deemed to provide long-arm service in a situation where a non-resident defendant contracted to supply his legal services to a resident plaintiff. Vinita Broadcasting Co. v. Colby, 320 F.Supp. 902 (N.D.Okl.1971). There the court said that the "minimum contacts" and "substantial connections" requirement of due process as enunciated in *International Shoe,* and *McGee* appeared to be satisfied, even though the making of the contract was a single isolated transaction.

The most recent case from this Court dealing with the interpretation of our long-arm statutes is Architectural Building Components Corp. v. Comfort, 528 P.2d 307 (Okl.1974). There we limited the reach of the long-arm statute because the plaintiff himself had not met the standards of "fair play and substantial justice" in that he had not conformed to the contract provisions.

■ Chemical claims that all of its dealings have been with Sinclair rather than with the employees. Sinclair in effect has acted *as an agent* for the employees and also for Chemical. A corporation's amenability to jurisdiction of a forum state's courts does not necessarily differ depending upon whether it deals directly or indirectly with the residents of the forum state. Buckeye v. Superior Court of Los Angeles County, 71 Cal.2d 893, 80 Cal.Rptr. 113, 458 P.2d 57 (1969).

■ Crescent Corporation v. Martin, 443 P.2d 111 (Okl.1968) indicates that the question of application of a long-arm statute depends on the "totality of contacts within the state." What are the totality of contacts of Chemical with Oklahoma? Plaintiff and other employees executed the trust agreement with Chemical in Oklahoma through Sinclair. Chemical mailed annual reports to Oklahoma participants. Chemical voluntarily undertook to receive the benefits of some four million dollars belonging to Oklahoma residents, sending the proceeds to these Oklahomans upon termination of their employment.

Substantial justice and fair play would dictate that Chemical should come to Okla-

homa to litigate any claims of Oklahoma employees rather than forcing an injured employee to travel to New York or forever abandon his claim.

Reversed and remanded.

All the Justices concur.