Charles WRIGHT, Narvella Wright, and Marietta Wright, Individually and Charles Wright, as Guardian and next friend of Janet Wright, Cary Hogan and Rae Nell Wright, minors, Appellants,

v.

Linda Mae KEISER, Appellee.

No. 48721.

Supreme Court of Oklahoma.

June 14, 1977.

Rehearing Denied Sept. 21, 1977.

Robert G. Grove, Carl Michael Smith, Oklahoma City, for appellants.

Foliart, Mills & Niemeyer, Oklahoma City, for appellee.

SIMMS, Justice.

Plaintiffs, the Wrights, seek reversal of the trial court's sustention of defendant's motion for summary judgment dismissing their action as barred by the statute of limitations. For convenience the parties will be referred to by their designation in the trial court.

The essential facts are few and undisputed. Plaintiffs, driver and passengers of one automobile, were involved in a collision with an automobile driven by defendant, Linda Keiser, on August 7, 1972, in Oklahoma City. When the accident occurred and the cause of action accrued, defendant was a resident of Oklahoma. Sixteen months later, on December 4, 1973, plaintiffs, three adults and three minors, filed this tort action for personal injuries and property damage.

Within the two year statutory period,[1] plaintiffs made two unsuccessful attempts to obtain service on defendant. On August 29, 1974, twenty-two days after the expiration of the two year period, summons was again issued, and again returned "not found". Plaintiffs then learned that defendant had moved to Omaha, Nebraska and, on September 13, 1974, defendant was served at her residence in Omaha.

Defendant's motion for summary judgment was based upon the expiration of the statute of limitations. Plaintiffs argued that under the tolling statute, 12 O.S.1971, § 98, defendant's absences from Oklahoma (for an aggregate of approximately twelve months) prior to the expiration of the period, tolled the statute and that their action was therefore timely commenced.

Title 12, O.S.1971, § 98, provides:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought, *notwithstanding the provisions of Title 12, §§ 141, 187 and 1701.01 to 1706.04, inclusive, and Title 47, §§ 391, 392 and 393 to 403, inclusive, of the Oklahoma Statutes, or any other statutes extending the exercise of personal jurisdiction of courts over a person or corporation based upon service outside this state, or based upon substituted service upon an official of this or any other state or nation.*"

The emphasized portion of the statute, which is at issue here, was added by amendment in 1970, ch. 76. The statutory provi-

sions mentioned therein are our "long-arm" statute and non resident motorist act.

It should be emphasized that there is no issue of concealment or absconding.

Plaintiffs asserted that this statute tolled the limitation period during defendant's absence, even though defendant was at all times amenable to service and plaintiffs made no attempt to obtain substituted service on defendant through available statutory methods. 12 O.S.1971, § 141; 47 O.S. 1971, §§ 391–403.

The trial court held this portion of § 98 unconstitutional as a denial of defendant's right to equal protection of the laws. The basis for the trial court's ruling was that the statute deprives alleged tortfeasors who leave the state the protection of the statute of limitations, while allowing tortfeasors who remain within the state the benefit of the limitation period; even though a complaining party has the same opportunity to obtain service upon both categories of defendants.

On appeal plaintiffs contend that the statutory tolling provision is constitutional and that the trial court erred in its ruling. Generally, plaintiffs assert that statutes of limitations are created by the legislature and are subject to a large degree of legislative control, that this statute is entitled to the presumption of constitutionality and that the classifications created by the provision are constitutionally permissible.

In support of the trial court's judgment, defendant argues that in addition to the denial of equal protection, the classification of absent defendants created by the tolling provision, also infringes upon her right to travel freely interstate.[2]

Statutes of limitation are statutes of repose. Their purpose is to suppress and prevent fraudulent and stale claims from springing up after the expiration of long periods of time and surprising parties, or

---

1. 12 O.S.1971, § 95, subd. 3.

2. *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600; *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274.

their representatives, when evidence is lost, memories have faded and witnesses are missing or dead. *Adams v. Coon,* 36 Okl. 644, 129 P. 851 (1913). They are intended to run against those who are neglectful of their rights and fail to use reasonable and proper diligence in enforcing them. *Seitz v. Jones,* Okl., 370 P.2d 300 (1962).

We do not find it necessary to determine whether defendant's "right to travel" is infringed upon by the portion of § 98 at issue. Neither is it necessary to answer the questions raised by the parties as to whether the defendant's right to plead the statute of limitations is such a "fundamental" personal right that this residency requirement should be subject to the test of strict judicial scrutiny to determine if it is necessary to promote a compelling governmental interest.[3]

If we assume, for the purpose of this opinion, that the right to rely upon the statute of limitations is not a "fundamental" right, the statute nonetheless fails to pass even the most basic equal protection test.

As stated by the Supreme Court in *Weber v. Aetna Casualty & Surety Co.,* 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972): "* * * The tests to determine the validity of state statutes under the Equal Protection Clause have been variously expressed, but this Court requires at a minimum, that a statutory classification bear some rational relationship to a legitimate state purpose."

What is the purpose of our tolling statute, § 98? We have always held it to be a means of protecting plaintiff's right of action from being defeated by an inability to obtain service on defendant, and preserving that right of action until such time as plaintiff could enforce it.

For sixty years, this Court has held that within the meaning of § 98 (the amendment

was added to the original statute adopted in 1910), a defendant was "out of the state" *only* when he could not be served.

In *St. Louis-S.F.R. Co. v. Taliaferro,* 67 Okl. 37, 168 P. 788 (1917) we stated that:

"The theory of the statute of limitations is that it operates to bar all actions, except as against persons and corporations upon whom notice of the action cannot be served because of their being out of state. If such notice can be served during the whole of the prescribed period, and a personal judgment obtained which can be enforced in the mode provided by law, then such person or corporation is not 'out of the state,' within the meaning of section 4660, Rev.Laws Okl. 1910."

The same rule was followed in *Walker v. L. E. Meyers Const. Co.,* 175 Okl. 548, 53 P.2d 547 (1935). See also, *Graves, et al. v. Foster,* 158 Okl. 36, 12 P.2d 502 (1932). This is the view of the overwhelming majority of jurisdictions. See, Annot. Absence as Tolling Statute of Limitations, 55 A.L.R.3d 1158.

We applied this same rationale in our decisions under the nonresident motorist act by holding that the absence of a defendant would not toll the statute where plaintiff had the capacity to obtain the equivalent of personal service on defendant by substituted service as provided by statute, but failed to do so. *Jarchow v. Eder,* Okl., 433 P.2d 942 (1967); *Lowder v. Oklahoma Farm Bureau Mutual Ins. Co.,* Okl., 436 P.2d 654 (1968); *McCullough v. Boyd,* Okl., 475 P.2d 610 (1970). See, also, *Moore v. Dunham,* (10th Cir. 1956) 240 F.2d 198.

In *Jarchow, supra,* we stated:
"* * * Since this statute [§ 98] was obviously intended only to protect and preserve a right for the plaintiff which might, by reason of the defendant's absence, have been impossible or impracticable for him to enforce, justice would

---

**3.** See, e. g., *Harper v. Virginia State Board of Education,* 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169; *Skinner v. State of Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655; *Shapiro v. Thompson, supra.*

not seem to require that the statute be applied to give him an advantage when the disability has been effectively removed by other statutory provisions

. . .

"To permit the plaintiff in a case such as this to defer the commencement of his cause of action for an indefinite period of time, when there is continuously open to him the right to commence a personal action against the defendant, would frequently result in hardship to the defendant, who might often be completely unaware of his position of peril."

Plaintiffs submit that through the amendment of § 98, the Legislature intended to vitiate our holding in *Jarchow, supra,* and the decisions following it, and to substitute therefor the rule that absence from the state precludes the running of the statute, regardless of the availability of methods to obtain personal service.

This would mean that in Oklahoma, actions would never be barred against nonresidents. Residents of our 49 sister states would always be in peril of being subjected to litigation about events which occurred in the distant past and, as the trial judge correctly pointed out, in some situations that threat would remain even against their estates. The proper time for commencement of litigation against nonresidents would be controlled only by the whim, caprice, and convenience of plaintiffs. So too, the statute of limitations would be stayed during the absence of one, such as defendant here, who was a resident when the cause of action accrued, but subsequently left the state. The time for commencement of actions would vary in each case depending upon how long the defendant was absent.

The only persons who would be eligible to rely upon the statute of limitations as a defense to an action are those residents who remain within the boundaries of Oklahoma for the entirety of the statutory period subsequent to accrual of a cause of action against them.

This difference in treatment would be accorded defending litigants in spite of the fact that they are all similarly situated. Absent resident defendants and nonresident defendants are as amenable to personal service, or its equivalent, which will subject them to the personal jurisdiction of our courts, as are resident defendants.

The hardship such a rule imposes upon nonresidents and absent residents can easily be seen by way of this example. Assume that John Doe is involved in three minor accidents in Oklahoma City today. His first is a "fender bender" with a resident of South Dakota who is passing through the state. His second mishap is with a resident of Oklahoma who moves to California next year. His third accident involves a resident of Oklahoma who stays within the state for the next two years. John wishes to sue the three motorists. His action against the Oklahoma resident who remains within the state must be commenced within two years from today or he will lose his remedy. This limitation period assures the resident defendant of a reasonable probability of being able to find witnesses and evidence to aid his defense.

Under the provision of § 98 before us, however, John may proceed at his own convenience against the South Dakota resident, whether that time be five years, twenty years or more. In a like manner, John may proceed against the former resident of Oklahoma for the entirety of the period of his absence. If the former resident remains in California for fifteen years, John may commence his lawsuit at anytime within that fifteen years.

After fifteen or twenty years, or more, what possible chance would these litigants have to defend against John's actions? What would their chances be of finding witnesses who remember the accidents and evidence in support of their defenses?

No legitimate interest of this State is furthered by denying nonresidents and those absent from the State the defense of the bar of the statute of limitations and

placing them at a disadvantage vis a vis residents.

The classifications of absent and nonresident defendants inherent in the statute, as amended, have no relation to the purpose of the tolling provision. We conclude that the portion of the statute added by amendment in 1970 is unconstitutional as it creates classifications of litigants which are palpably arbitrary.

To hold otherwise would be particularly alarming in light of the fact that nonresidents are becoming increasingly subject to the personal jurisdiction of our courts. Our long-arm statute, 12 O.S.1971, §§ 187, 1701.-01 et seq., we have said, exists to expand the bases of personal jurisdiction over nonresidents to the "outer limits" permitted by the due process clause of the United States Constitution. *Carmack v. Chemical Bank New York Trust Co.,* Okl., 536 P.2d 897 (1975).

Its purpose is to expedite the litigation of suits. So too, the purpose of the nonresident motorist act is to facilitate enforcement of remedies. *Williams v. Egan,* Okl., 308 P.2d 273 (1957). This amendment frustrates the purpose of the long-arm statute and nonresident motorist act, as well as the purpose of the statute of limitations.

Plaintiffs rely upon *Vaughn v. Dietz,* Tex., 430 S.W.2d 487 (1968), wherein the court found absence to be a constitutionally permissible classification for tolling the statute, because distance is a factor which "may" make it more difficult to obtain defendant's address so that notice could be sent to defendant by the Chairman of the State Highway Commission. We do not find this decision persuasive. Under our nonresident motorist act, actual receipt of notice by defendant is not necessary. Mailing to defendant's last known address is sufficient to substantially comply with the statutes. *Williams v. Egan, supra; Dial v. Ivy* (10th Cir. 1974), 370 F.Supp. 833. The facts of this case belie the credibility of the contention that distance is a substantial factor which would hinder a plaintiff in attempting to learn defendant's address. It

was only after defendant became a resident of Nebraska that plaintiffs obtained service upon her, they were unable to do so while she resided in Oklahoma.

Further, if a defendant were able to avoid service through means of concealment or absconding, the statute of limitations would of course, be tolled under § 98 as originally enacted, and plaintiff's rights protected until service could be obtained.

Plaintiffs also rely upon the recent United States Supreme Court decision of *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) to support their argument that residency is an acceptable condition to impose for availability of the defense of the statute of limitations. *Sosna* does not support such a motion. The question before the Court was the constitutionality of a residence requirement for initiation of divorce actions. The Court found that valid reasons existed to uphold the residency requirement. First, because of the state's great interest in domestic relations proceedings, Iowa could require the initiator of such proceedings to have a modicum of attachment to the state. Further, because jurisdiction over divorce proceedings is founded upon domicile, Iowa could protect its judgments from collateral attack by such a requirement. *Sosna* was concerned with questions of access to the courts, not with placing nonresidents at a disadvantage vis a vis residents in the defense of actions brought against them.

Plaintiffs rely extensively upon *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628, to support their argument that statutes of limitations are simply a matter of "legislative grace" which are subject to legislative control. That decision however, does not support plaintiffs contention that the classifications in the tolling provision at issue here are acceptable.

The essential issue presented in *Chase* was whether a defendant was deprived of his property without due process of law in violation of the Fourteenth Amendment of

the Federal Constitution when the Minnesota legislature enacted a law which had the effect of reviving a cause of action and divesting defendant of his defense of the bar of the previously applicable statute of limitations.

Based upon its prior decision in *Campbell v. Holt*, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483, the Supreme Court found that such a situation did not present a *federal* due process violation. The Court noted, however, that some state courts have found the revival of barred claims to be impermissible under state constitutional provisions. The Court stated that:

"Appellant asks that in case we find *Campbell v. Holt* controlling it be reconsidered and overruled. We are reminded that some state courts have not followed it in construing provisions of their constitutions similar to the due process clause. *Many have, as they are privileged to do, so interpreted their own easily amendable constitutions to give restrictive clauses a more rigid interpretation* than we properly could impose upon them from without by construction of the Federal instrument which is amendable only with great difficulty and with the cooperation of many States." (E.A.)

Among those states enumerated by the Court as so holding, was Oklahoma, and the Supreme Court cited our decision in *Raymer v. Comley Lumber Co.*, 169 Okl. 576, 38 P.2d 8 (1934).

The second paragraph of the Court's syllabus in *Raymer* states:

"The statute of limitations is a rule of property and not of procedure. A party having once been relieved by virtue of the statute, the right to rely upon this defense is a vested right, and he cannot be deprived of it except with his own consent."

Section 52 of Article 5 of the Oklahoma Constitution provides that the "Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this State."

Based upon this provision, the Court held in *Mires v. Hogan*, 79 Okl. 233, 192 P. 811 (1920), that ". . . the privilege to plead the statutes of limitations, when it has run and become a bar to a demand arising ex contractu or ex delicto, is a vested right . . . statutes of limitations may not be altered or repealed, so as to revive either a barred cause of action or a remedy thereon."

Therefore, in Oklahoma, as explicitly recognized by the Supreme Court in *Chase, supra*, when a right of action has become barred under existing law, the right to rely upon that statutory defense is a vested property right which cannot be divested by subsequent legislation.

Obviously, in addition to its equal protection infirmities, this statutory provision, which denies certain litigants the benefit of the running of the statute of limitations, raises serious questions of denial of due process under our State Constitution.

For the above and foregoing reasons, the portion of 12 O.S.1971, § 98, added by amendment in 1970, is unconstitutional and the trial court's judgment in that regard is affirmed.

The trial court included within his ruling the minor plaintiffs' action. Defendant confesses error insofar as the ruling affected the action brought on behalf of the minors as they are under a disability (12 O.S.1971, § 96) and, as against them, the judgment of dismissal was erroneous.

The judgment is affirmed in part and reversed in part, and remanded to the trial court with instructions to vacate the order of dismissal of the action brought on behalf of the minor plaintiffs.

DAVISON, BERRY, BARNES, and DOOLIN, JJ., concur.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS and IRWIN, JJ., dissent.

**1268**

LAVENDER, Vice Chief Justice, dissenting.

I respectfully dissent from the majority opinion.

In the majority opinion, there is reliance on prior authorities of this jurisdiction [1] that indicate "out of the state," as used in statutes concerning tolling of the limitation period, is based on the inability for personal service because one is absent from the state. That, absence from the state is not important other than its effect in preventing personal jurisdiction. *Jarchow v. Eder*, Okl., 433 P.2d 942 (1967) is then applied. There this court refused through § 98, as then written, to toll the limitation period based on absence from the state for there was available personal jurisdiction, equivalent of personal service, through the "non-resident motorist act." [2] Here, the majority opinion applies that same rationale for the same equivalent personal jurisdiction is available through that same act and the "long arm statute." [3]

The majority opinion ignores the legislative history of § 98 after *Jarchow, supra.* Laws, 1970, c. 76 took the same § 98 of *Jarchow*, and added the following language:

"notwithstanding the provisions of Title 12, §§ 141, 187, and 1701.01 to 1706.04, inclusive, and Title 47, §§ 391, 392 and 393 to 403, inclusive, of the Oklahoma Statutes, or any other statutes extending the exercise of personal jurisdiction of court over a person or corporation based upon service outside this state, or based upon substituted service upon an official of this or any other state or nation."

This amendment made ineffective the rationale of *Jarchow*. Public policy was expressed contra to *Jarchow* by the legislative branch of government. Tolling was allowed under § 98 based on one being absent from the state, *notwithstanding* amenability to service and personal jurisdiction through the "non-resident motorist act" and the "long arm statute."

I make no judgment as to the wisdom of such a public policy. The effect of such a policy couched in terms of good or bad legislation is not this court's prerogative to review. Nor do I have a quarrel with the *Jarchow* decision as an expression of the weight of authority of case law. My disagreement comes with the application of *Jarchow's* reason to deny tolling, after the amendment of § 98. The *Jarchow* reason has been expressly nullified by statute and the legislature. Here, I limit the review to one of validity or invalidity based on the constitutionality or unconstitutionality of § 98, as now amended. It should be examined only in that perspective.

The majority opinion finds the statutory classification in § 98 of "one out of state," as opposed to one present in the state, to be denial of equal protection. That opinion recognizes a "two-tiered" approach to equal protection problems on statutory classification of (1) a "fundamental right" and the necessity for a compelling state interest, and (2) "some rational relationship" to a legitimate state purpose.[4] The majority opinion does not reach "fundamental right." That opinion applies the "rational relationship" test to a legitimate state purpose. The majority opinion finds none. I am of the opinion this is basic error.

The entire concept of statutes of limitation is a legitimate state purpose. Statutes

1. *St. Louis-S.F.R. Co. v. Taliaferro*, 67 Okl. 37, 168 P. 788 (1917); *Walker v. L.E. Meyers Const. Co.*, 175 Okl. 548, 53 P.2d 547 (1935); *Graves, et al. v. Foster*, 158 Okl. 36, 12 P.2d 502 (1932).

2. 47 O.S.1971, §§ 391, 392, and 393 to 403, inclusive.

3. 12 O.S.1971, §§ 1701.01 to 1706.04, inclusive.

4. Legal literature recognizes in United States Supreme Court decisions two different tests on equal protection problems. There is also thought to be a third test appearing in recent decisions that occupies a middle ground between the two. Gunther, The Supreme Court —Foreward, 86 Harv.L.Rev. 1, 18–24 (1972); Nowak, Realigning the Standards of Review Under the Equal Protection Guarantee—Prohibited, Neutral, and Permissive Classifications, 62 Geo. L.J. 4, 1071–1122.

of limitation are by legislative grace, and are subject to a relatively large degree of legislative control. To toll the statutes of limitation is to remove the bar. *Smedley v. State Industrial Court*, Okl., 562 P.2d 847 (1977). A tolling statute is an integral part of the concept of limitations. A statutes of limitation problem and tolling were the subject of *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628. That opinion said of such statutes:

"* * *. They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or *the avoidable and unavoidable delay*. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. There shelter has never been regarded as what now is called a 'fundamental' right or what used to be called a 'natural' right of the individual. He may, of course, have the protection of the policy while it exists, but the history of *pleas of limitation* shows them to be *good only by legislative grace and to be subject to a relatively large degree of legislative control*." (Footnotes omitted; emphasis added.)

The classification of § 98 is now "absent from the state," as opposed to being present in the state. The majority opinion is in error in equating "absence" to be the same as "non-resident." Residency and non-residency are not the classification of § 98. One may be a resident of the state, but absent therefrom so as to allow tolling, i.e. a student attending an out of state college, one temporarily serving at a military post out of state.

A rational relationship can be drawn between tolling and absence from the state. Tolling when the party is absent from the state allows a delay while awaiting service within the state. This provides a much surer guaranty of a sound judgment than some methods of service allowed by the long arm statute. This provides a much surer guaranty of notice and due process than the more synthetic procedures of the non-resident motorist act. It is reasonable to assume the legislature intended to furnish a plaintiff with a option to proceed at once against the person who is outside that state, or to defer such procedure until his return. *Couts v. Rose*, 152 Ohio St. 458, 90 N.E.2d 139, 141 (1950). I find a legitimate state purpose and a rational relationship between that purpose and the classification for allowing tolling while absent from the state. I apply the test selected by the majority opinion. There is no denial of equal protection. Section 98 is constitutional.

The majority opinion finds § 98 to be a violation of Art. 5, § 52 of the Oklahoma Constitution. That constitutional provision does not allow the legislature to revive an action already barred by statute. Here, there has been no revival of an action already barred, unless the tolling by § 98 is invalid by its unconstitutionality. The majority opinion would use its finding of unconstitutionality of § 98 to make it also in violation of, and therefore unconstitutional under Art. 5, § 52, Const. I cannot agree with that reasoning or position.

I believe § 98 to be constitutional and would reverse and remand.

I am authorized to state that HODGES, C. J., and WILLIAMS and IRWIN, JJ., join in this dissent.