646 F.2d 746
 Fed. Sec. L. Rep. P 97,930
INDUSTRIAL CONSULTANTS, INC., Sara L. Voss, As Trustee for
W. B. Voss under a Trust Agreement dated June 30,
1971, and William Swisher, Plaintiffs,
and
Industrial Consultants, Inc., Plaintiff-Appellant,
v.
H. S. EQUITIES, INC., Alfred J. Coyle, Donald R. Stroben and
New York Stock Exchange, Inc., Defendants,
H. S. Equities, Inc., Defendant-Appellee.
 No. 410, Docket 80-7364.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 10, 1980.
Decided March 31, 1981.
 
 Ira W. Berman, New York City (Berman & Zivyak, New York City, of counsel; Jeffrey L. Zivyak and Jon M. Probstein, New York City, on brief), for plaintiff-appellant.
 Peter H. Morrison, New York City (Morrison, Paul & Beiley, New York City, of counsel, Gerald G. Paul, New York City, on brief), for defendant-appellee.
 Before LUMBARD, MULLIGAN and VAN GRAAFEILAND, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 This is an appeal from an order of Judge Thomas Griesa of the United States District Court for the Southern District of New York. The order granted defendant-appellee's (H.S. Equities, Inc.) motion for summary judgment on the ground that plaintiff-appellant's (Industrial Consultants, Inc.) action seeking damages for alleged securities fraud was time-barred. Appellant contends that the district court erred in applying Oklahoma's two-year statute of limitations, Okl.Stat. tit. 12, § 95 (1971), rather than New York's six-year statute, N.Y.Civ.Prac.Law and Rules § 213 (McKinney 1972). Assuming for the argument that the district court was correct in looking to the Oklahoma statute, appellant contends that the court erred in following a decision handed down by the Oklahoma Supreme Court one year after this action was begun. The decision declared unconstitutional certain provisions of the Oklahoma law that would have tolled the running of the limitations statute. Finding no merit in either argument, we affirm.
 
 
 2
 There is no serious dispute as to the facts. Appellant Industrial Consultants is an Oklahoma corporation. All of its shareholders, officers, and directors are residents of that State, and its sole place of business is in Oklahoma City. On February 6, 1970, representatives of H. S. Equities, a New York Stock Exchange member firm, then known as Hayden Stone, Inc., met with a group of Oklahoma investors in Oklahoma City, one of whom was appellant's president. The purpose of the meeting was to induce the investors to become subordinate lenders to H.S. Equities. Appellant contends that false and misleading representations concerning H.S. Equities' financial condition were made at that meeting.
 
 
 3
 On March 13, 1970, appellant, through its president, agreed to purchase a subordinated debenture of H.S. Equities in the amount of $720,000. The consideration for the debenture was to be a demand note secured by a pledge of 200,000 shares of the common stock of L.S.B. Industries, Inc. (L.S.B.). Appellant's president executed the agreement and an amended agreement in Oklahoma and also delivered the promissory note in that State. In April 1970, appellant delivered the L.S.B. stock to appellee in New York.
 
 
 4
 Shortly thereafter, appellant's president learned about the alleged misrepresentations. In negotiations that followed, appellant was able to substitute $378,000 in cash for the L.S.B. stock pledged as collateral. Appellant's demand note was called in August 1970, and the cash collateral was applied towards its payment.
 
 
 5
 Appellant commenced this action on March 11, 1976, alleging common law fraud and violations of section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (1980). The district court granted H.S. Equities' motion for summary judgment on the ground that the action was barred by Oklahoma's two-year statute of limitations. This appeal followed.
 
 
 6
 In arguing that New York's six-year statute of limitations should apply, appellant advances an argument twice rejected by this Court. Arneil v. Ramsey, 550 F.2d 774, 779-80 (2d Cir. 1977); Sack v. Low, 478 F.2d 360, 366-67 (2d Cir. 1973). These cases hold that in securities fraud litigation the cause of action for purposes of New York's borrowing statute, N.Y.Civ.Prac.Law § 202 (McKinney 1972), accrues in the state where the loss resulting from the misrepresentation was sustained. The New York courts are in accord. Knieriemen v. Bache, Halsey, Stuart, Shields, Inc., 74 App.Div.2d 290, 296, 427 N.Y.S.2d 10, appeal dismissed, 50 N.Y.2d 1021, 431 N.Y.S.2d 812, 410 N.E.2d 745 (1980); see Prefabco, Inc. v. Olin Corp., 71 App.Div.2d 587, 588, 418 N.Y.S.2d 432 (1978). Appellant, an Oklahoma corporation with Oklahoma shareholders, entered into a purchase agreement in Oklahoma and delivered its demand note in that State. The district court did not err in holding that appellant's loss was sustained in Oklahoma and that its action was governed by Oklahoma's two-year statute.
 
 
 7
 Appellant's argument that its action was kept alive by the tolling of the Oklahoma statute was rejected by the district court on the ground that the tolling provisions upon which appellant relied had been declared unconstitutional by the Oklahoma Supreme Court in Wright v. Keiser, 568 P.2d 1262 (Okl.1977). Appellant contends that the district court erred in following Wright because Wright was decided in 1977 and this action was begun in 1976. We disagree.
 
 
 8
 Until 1970, Oklahoma's statute of limitations provided in substance that if a person was out of the state when a cause of action against him accrued, or if he left thereafter, the statute would not run against him during the time he was absent. For many years prior to 1970, the Oklahoma Supreme Court had held consistently that a defendant would be treated as out of the state only when he could not be served. Id. at 1264. The statute would not be tolled if the defendant could be served with process upon which a personal judgment could be rendered. Walker v. L. E. Meyers Construction Co., 175 Okl. 548, 53 P.2d 547, 548 (1935). Oklahoma was not alone in so holding. With the burgeoning of long-arm statutes, a majority of the states limited in a similar manner the tolling effect of absence from the state. Bond v. Golden, 273 F.2d 265 (10th Cir. 1959); Moore v. Dunham, 240 F.2d 198 (10th Cir. 1956); Scorza v. Deatherage, 208 F.2d 660 (8th Cir. 1954); Tublitz v. Hirschfeld, 118 F.2d 29 (2d Cir. 1941). See, Annot. Absence as Tolling Statute of Limitations, 55 A.L.R.3d 1158 (1974).
 
 
 9
 In 1967, the Oklahoma Supreme Court refused to toll the statute in an action against a nonresident motorist upon whom substitute service could have been made under the State's Nonresident Motorist Act, Okla.Stat. tit. 12, § 141 and Okl.Stat. tit. 47, §§ 391-403. Jarchow v. Eder, 433 P.2d 942 (Okl.1967). This holding apparently prompted the Oklahoma legislature in 1970 to amend section 98 of its statute of limitations to make the out-of-the-state tolling provisions applicable even where personal jurisdiction of the absentee could be obtained. See Wright v. Keiser, supra, 568 P.2d at 1268 (Lavender, V.C.J., dissenting) (quoting 1970 Okl.Sess. Laws, ch. 76). In amending section 98, the legislature opened the door to due process and equal protection challenges under both the state and federal constitutions.
 
 
 10
 Although there are decisions which uphold the tolling of the statute of limitations against absent defendants despite the availability of long-arm jurisdiction, see Hopkins v. Kelsey-Hayes, Inc., 463 F.Supp. 539, 542 (D.N.J.1978), aff'd, 628 F.2d 801 (3rd Cir. 1980); Vaughn v. Deitz, 430 S.W.2d 487, 490 (Tex.1968), the Oklahoma Supreme Court took a contrary position. Justice Simms, writing for the majority of the Court, said:
 
 
 11
 Absent resident defendants and nonresident defendants are as amenable to personal service, or its equivalent, which will subject them to the personal jurisdiction of our courts, as are resident defendants.
 
 
 12
 No legitimate interest of this State is furthered by denying nonresidents and those absent from the State the defense of the bar of the statute of limitations and placing them at a disadvantage vis a vis residents.
 
 
 13
 The classifications of absent and nonresident defendants inherent in the statute, as amended, have no relation to the purpose of the tolling provision. We conclude that the portion of the statute added by amendment in 1970 is unconstitutional as it creates classifications of litigants which are palpably arbitrary.
 
 
 14
 568 P.2d at 1265-66.
 
 
 15
 Justice Simms did not stop there, however, he also said:
 
 
 16
 Obviously, in addition to its equal protection infirmities, this statutory provision, which denies certain litigants the benefit of the running of the statute of limitations, raises serious questions of denial of due process under our State Constitution.
 
 
 17
 For the above and foregoing reasons, the portion of 12 O.S.1971, § 98, added by amendment in 1970, is unconstitutional and the trial court's judgment in that regard is affirmed.
 
 
 18
 Id. at 1267.
 
 
 19
 Appellant and appellee have argued at length the question whether Wright should be applied retroactively, each of them proceeding on the assumption that a decision concerning retroactivity would determine both the equal protection and due process issues in the instant case. This assumption is based upon a misconception of the binding effect of Wright on the district court.
 
 
 20
 The Oklahoma Supreme Court's holding that the tolling provisions, which it struck down, violated the due process clause of the Oklahoma constitution was, of course, binding upon the district court. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 547, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949); Stolberg v. Board of Trustees for the State Colleges, 541 F.2d 890, 894 (2d Cir.), cert. denied, 429 U.S. 897, 97 S.Ct. 260, 50 L.Ed.2d 181 (1976). If the district court looked only to the state due process issue in deciding H.S. Equities' summary judgment motion, it would have to consider whether the Oklahoma court intended its holding in Wright to be retroactive.[1]
 
 
 21
 However, "a federal court (will) not give effect, in either a diversity or nondiversity case, to a state statute that violates the Constitution of the United States." Cohen v. Beneficial Industrial Loan Corp., supra, 337 U.S. at 547, 69 S.Ct. at 1226. Accordingly, if that portion of Wright which found a denial of equal protection was correctly decided, it makes no difference when that decision was made; the district court could follow its teachings.
 
 
 22
 The district court was not bound to adopt the Oklahoma court's interpretation of federal constitutional principles, even as applied to Oklahoma statutes. United States v. Bedford, 519 F.2d 650, 654 n.3 (3d Cir. 1975), cert. denied, 424 U.S. 917, 96 S.Ct. 1120, 47 L.Ed.2d 323 (1976). On the other hand, the state court's holding was "persuasive authority", Bittaker v. Enomoto, 587 F.2d 400, 402 n.1 (9th Cir. 1978), cert. denied, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979), entitled to "great respect", Joseph v. Blair, 482 F.2d 575, 579 n.4 (4th Cir. 1973), cert. denied, 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.2d 305 (1974); Smayda v. United States, 352 F.2d 251, 253 (9th Cir. 1965), cert. denied, 382 U.S. 981, 86 S.Ct. 555, 15 L.Ed.2d 471 (1966). It was particularly persuasive in the instant case, because it depended in large part upon the Oklahoma Supreme Court's intimate knowledge of the operation of Oklahoma's long-arm statutes. We are not prepared to say that the district court erred in following the teaching of the learned Oklahoma court.
 
 
 23
 The order appealed from is affirmed.
 
 
 
 [1]
 Under Oklahoma law, when a statute is ruled unconstitutional, it is void ab initio. State v. Board of County Commissioners, 107 P.2d 542, 546-47 (Okla.1940). The probabilities are, therefore, that if the Oklahoma Supreme Court was asked to determine whether its holding in Wright was retroactive, it would hold that it was