■ GEMINI TYPOGRAPHERS, INC., Respondent, v MERGENTHALER LINOTYPE COMPANY, DIVISION OF ELTRA CORP., Appellant.—Order, Supreme Court, New York County, entered February 4, 1975 granting plaintiff's motion to restore the case to the Trial Calendar and granting in part defendant's cross motion for summary judgment as to the first cause of action, unanimously modified insofar as appealed from, on the law, to the extent of granting summary judgment to the defendant on the second and fourth causes of action and otherwise affirmed, without costs or disbursements. Plaintiff's assignor, Sheepshead Typographers, Inc., (Typographers), was engaged in the business of typesetting. Typographers' work required completing printing orders on a deadline basis. Typographers had five older linotyping machines and were seeking to have them repaired. Mergenthaler Linotype Company (Mergenthaler) was made aware of the nature of Typographers' work and recommended to it the purchase of a "Linofilm" unit rather than repair of the older units. A demonstration was arranged and ultimately a used model was sold to Typographers with the guarantees normally afforded a new model. The equipment was delivered on July 1, 1965. The machinery was somewhat more complex and sophisticated, requiring air conditioning and sanitary precautions in order to achieve smooth functioning of the machinery. Typographers experienced difficulties in use of the machinery almost from the moment of installation, though representations as to ease of operation and maintenance had been made by Mergenthaler. Typographers commenced this action on February 16, 1970, alleging four causes of action: negligence in design, manufacture and servicing; breach of warranty; fraud in the inducement; and breach of a servicing agreement. The subject of this appeal is the denial of defendant's cross motion to dismiss the complaint

and for summary judgment. Special Term dismissed only that portion of the first cause of action relating to negligence in design and manufacture as time-barred but denied the motion relating to the first cause of action alleging negligence in servicing the machinery, as well as the three remaining causes of action. The second and fourth causes of action, it is conceded, are related to breach of warranty and are therefore governed by a four-year Statute of Limitations. (Uniform Commercial Code, § 2.725, subd [1]) provides that: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Subdivision (2) further provides that: "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach *is or should have been discovered"* (emphasis added). This action was instituted in 1970, more than four years after the July, 1965 delivery, and is therefore time-barred. Even assuming, as plaintiff does, that there was a warranty extending to future performance, the statute would still have run. As indicated in the above-quoted statute, a cause of action for breach of warranty of future performance accrues either when the breach is discovered or when it should have been discovered. In the case at bar, the breach was discovered almost immediately upon delivery of the machine and therefore the Statute of Limitations, even with regard to "future performance," began to run from July, 1965. Special Term should therefore have dismissed the second and fourth causes of action as being time-barred. Concur—Markewich, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.