■ PREFABCO, INC., et al., Respondents, v OLIN CORPORATION, Appellant.—Order of the Supreme Court, New York County, entered April 17, 1978, denying defendant's motion for summary judgment dismissing the complaint on grounds of *forum non conveniens,* or alternatively, as time barred under the Statute of Limitations, unanimously reversed, on the law, and defendant's motion for summary judgment as time barred under the Statute of Limitations granted, without costs or disbursements. Defendant (appellant) contends that the cause of action of plaintiff accrued in Pennsylvania. Accordingly, defendant argues, the operation of CPLR 202 mandates dismissal of this action. CPLR 202 provides that: "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply." In the case at bar, it is undisputed that

plaintiff is a foreign corporation. Additionally, as stated by Special Term, "it is clear, for pleading purposes, that Prefabco's cause of action is not barred by the applicable six-year statute of limitations [of New York] (CPLR 213 [9]; see also *Gemini Typographers, Inc., v. Mergenthaler Linotype Co.,* 48 AD2d 637) [but that] it is undisputed that this action would be barred under the Statute of Limitations of any other state having apparent jurisdiction", (including Pennsylvania). Accordingly, the critical issue to be resolved in order to determine the applicability of CPLR 202 is: Whether the instant cause of action in fraud arose within or without the State of New York. Defendant correctly maintains that the action accrued without the State of New York. The following factors are to be considered upon an analysis of the accrual of the fraud cause of action herein. Plaintiff, Prefabco, Inc., is a Pennsylvania corporation maintaining its office in that State. It was through that office in 1970, that plaintiff ordered the product of defendant, Olin Corporation. Defendant is a Virginia corporation with a principal place of business in Connecticut. Defendant shipped the urethane to plaintiff from the former's installation in either Ohio or Connecticut and directed that plaintiff tender payment through defendant's offices in New York City. Shipment of the goods was received in Pennsylvania where plaintiff used them in its manufacturing process. Subsequently, plaintiff's panels were used in installing refrigeration units at customers' locations in Pennsylvania, New York, and New Jersey. Thereafter, when the urethane panels failed, plaintiff lost accounts and customers in these three States. In a case such as the one before us, the cause of action, for purposes of New York's borrowing statute (CPLR 202), accrued not where the alleged fraudulent representations were made, but where the loss resulting from such representations were sustained (see *Sack v Low,* 478 F2d 360). Here, the situs of plaintiff's loss is more properly viewed as the place of plaintiff's office, i.e., Pennsylvania. Any loss of revenue which resulted from defendant's alleged fraud will primarily be felt at plaintiff's place of business. Hence, since the action accrued in 1970 and this suit was instituted in 1976, the action is barred by Pennsylvania's four-year Statute of Limitations (Pa Stat Ann. 12A, § 2-725 [Purdon]) applicable to suits based on fraudulent representations. Concur—Kupferman, J. P., Birns, Fein, Sandler and Lane, JJ.