■ ROCHESTER WELDING SUPPLY CORP., Appellant, v BURROUGHS CORPORATION, Respondent. — Judgment reversed, with costs, and a new trial granted. Memorandum: Plaintiff appeals from the dismissal of its complaint at trial at the close of its case on the ground that its action was barred by a clause in the contract of sale between the parties providing that any action thereon must be commenced within two years after the cause of action accrued. The record at the conclusion of plaintiff's proof showed that plaintiff purchased from defendant a model L5000 computer on November 16, 1973 pursuant to a contract which provided that the sale was "subject to the final approval of program documentation to Roch. Welding Supply's satisfaction." Prior to the purchase defendant had studied plaintiff's business and had recommended the L5000 model. Although the computer was not operational when installed, defendant stated that it would be programmed shortly. After repeated unsuccessful attempts to program the computer, defendant recommended that plaintiff trade in the L5000 for the L8500, a model with a larger capacity. The parties signed a contract to this effect on January 22, 1975 providing that "Customer's sole and exclusive remedy in the event of defect is expressly limited to the correction of such defect by Burroughs' election and at its sole expense." When the L8500 was delivered, it was not operational and defendant assured plaintiff that it would soon be functioning. Again defendant encountered programming difficulties as well as mechanical problems. In June, 1976 plaintiff demanded a refund and defendant pressed for more time to solve the problems. Finally, in February, 1977 defendant's representative admitted that the computer would not work. Plaintiff demanded that defendant take the computer back and give plaintiff a full refund. Defendant did not do so and plaintiff commenced this action on May 4, 1978. Plaintiff's cause of action accrued in February, 1977 when defendant finally conceded that it could not properly program the computer. Subdivision (2) of section 2-725 of the Uniform Commercial Code provides that "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Here, both contracts extend

to future performance of the goods, i.e., to the future successful programming which the parties agreed that defendant would achieve. The original contract could not be fully performed until plaintiff finally approved the sale when the computer had been programmed to its satisfaction. There is no evidence that plaintiff ever approved the sale. The second contract could not be fully performed until plaintiff had exhausted its sole remedy in case of defects, i.e., repair by defendant; thus, the breach did not occur and could not have been discovered until the admission of defendant that it could not correct the defects (Uniform Commercial Code, § 2-725, subd [2]). Had plaintiff attempted to sue before that time it would have been met with the defense that its exclusive remedy under the contract was correction of the defect by defendant. Because the cause of action did not accrue until February, 1977 the suit was timely commenced. All concur, except Doerr, J., who dissents and votes to affirm in the following memorandum.

Doerr, J. (dissenting). I disagree. Both parties transacted their business at arm's length as evidenced by the detailed contract mutually agreed upon. The agreements besides shortening the time within which an action could be brought (Uniform Commercial Code, § 2-725, subd [1]), provided that "No representation or other affirmation of fact not set forth herein, including but not limited to statements regarding capacity, suitability for use, or performance of the equipment shall be deemed to be a warranty by Burroughs for any purpose, nor give rise to any liability or obligation of Burroughs whatever." Efforts by defendant to satisfy plaintiff's complaints about the equipment cannot serve to enlarge the warranties expressly provided for in the contract. To hold that the contract could never be performed until plaintiff was finally satisfied and ultimately approved the sale at some future date in effect nullifies the warranty provisions agreed upon and the period of limitation contained in the contract. Assuming, *arguendo,* that the warranties extended to future performance of the equipment, plaintiff's action is still time barred. "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly *extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered"* (emphasis added) (Uniform Commercial Code, § 2-725, subd [2]). Here the breach was discovered almost immediately upon delivery of the equipment in late summer 1975 and therefore the Statute of Limitations, even with regard to "future performance", began to run at that time. The action, commenced May 10, 1978, was not timely (see *Gemini Typographers v Mergenthaler Linotype Co., Div. of Eltra Corp.,* 48 AD2d 637). (Appeal from judgment of Monroe Supreme Court — dismiss complaint.) Present — Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.