**RESOLUTION TRUST CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Edgar S. EVERHART, et al., Defendants.**

**No. 2:92CV1235.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 19, 1993.

Joseph J. Giordano, John S. Nevin, James A. Johnson, Richard A. Froehlinger, Semmes, Bowen & Semmes, Baltimore, MD and Nancy R. Grunberg, D. Annette Fields, Mark D. Director, Fields & Director, P.C., Washington, DC and A. Gregory Melchior, Karen L. Kropp, Patricia K. Horton, Resolution Trust Corp., Atlanta, GA, for plaintiff.

Timothy A. Coyle, Martha Martin Poindexter, Francis N. Crenshaw, Crenshaw, Ware & Martin, Norfolk, VA, for Edgar S. Everhardt.

Jerrold G. Weinberg, Weinberg & Stein, P.C., Norfolk, VA and John K. Villa, John D. Cline, Williams & Connolly, Washington, DC, for Robert F. Babb, Thomas N. Downing, Philip S. Farrand, Roy B. Martin, Jr., Corbin B. White, and Barkley C. Winn.

Peter Lake, Charles M. Lollar, Heilig, McKenry, Fraim & Lollar, Norfolk, VA, for Hugh L. Dougherty, Jr.

Alexander P. Smith, Norfolk, VA and Melvin J. Radin, Norfolk, VA, for Harry Knickerbocker.

David Young Faggert, Stewart J. Sacks, Faggert & Freiden, P.C., Chesapeake, VA, for interested party Virginia Beach Federal Sav. Bank.

Jerry Lee Bowman, Robert W. McFarland, McGuire, Woods, Battle & Boothe, Norfolk, VA, for Mrs. Frank M. Miles, Patricia M. King, Nationsbank, N.A. (formerly Sovran Bank, N.C.), trustee of Frank M. Miles Family Trust A and the Frank M. Miles Marital Trust B.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on defendants' motion for summary judgment or, in the alternative, partial summary judgment pursuant to Fed.R.Civ.Proc. 56. For the reasons stated below, the Court grants defendants' motion for summary judgment.

### I. Background

On December 7, 1992, the Resolution Trust Corporation ("RTC"), acting in its corporate capacity, filed suit against numerous former officers and directors of Atlantic Permanent Federal Savings Bank ("AP"), asserting a variety of claims against the defendants including negligence, gross negligence, and breach of fiduciary duties in connection with seven transactions AP entered into between 1981 and 1985. RTC seeks to recover approximately $17,000,000 which it claims was lost by AP due to these actions of the defendants.

Early in the 1980's, AP began purchasing participation interests in acquisition, development, and construction loans in the sunbelt states, an area outside of its traditional lending area. The defendants assert that AP had to expand its lending practice in order to stay afloat in the high interest rate market and that this was "common wisdom" throughout the market. In a nutshell, RTC claims that defendants entered into this foreign and risky market with inexperienced personnel and without guidelines for writing the loans. RTC also alleges that the defendants failed to collect the underwriting documents necessary to assess the quality of the participation loans purchased. RTC is seeking to recover damages which resulted from seven of the lending/investment decisions made by defendants.

Numerous dates are important in the context of the current motion for summary judgment. As noted above, the loans at issue in this case were apparently made between 1981 and 1985. AP adopted a federal charter in January 1981 and converted from a mutual to a stock form in May 1984. On December 8, 1989, the Office of Thrift Supervision ("OTS") closed AP and appointed RTC as receiver. On the same day, OTS organized a new institution, Atlantic Permanent Federal Savings Bank, and appointed RTC as conservator. A purchase and assumption agreement was entered into whereby substantially all the assets and liabilities of the closed institution were transferred to the new one. RTC, in its corporate capacity, filed suit against the defendants on December 7, 1992.

### II. Analysis

"Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion." Ewell v. Murray, 813 F.Supp. 1180, 1182 (W.D.Va.1993) (quoting Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir.1985)). "Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Id. The movant has the burden to show affirmatively that the opposing party could not prevail on the undisputed facts as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In their motion, defendants put forth two arguments which they assert entitle them to summary judgment and three arguments which they assert entitle them to partial summary judgment. Because the Court finds that defendants are entitled to summary judgment on the basis of their statute of limitations theory, the other arguments are moot and therefore are not considered in this opinion.

Defendants' primary argument is that RTC's claims are barred by either of two statutes of limitation. They assert that, because the conduct complained of in this suit occurred between 1981 and 1985, the various causes of action accrued, at the latest, in 1985. The defendants state that the relevant Virginia statute is Va.Code Ann. § 8.01–248 which provides a one year statute of limitations for tort claims not related to bodily injury. Under this statute, the causes of action would have been barred in 1986. Therefore, defendants assert, the claims were barred prior to the time that they were

assigned to RTC in December 1989, and assignment to the RTC does not revive stale claims. Defendants go on to say that if any claims were viable when assigned, they are barred by the three-year federal statute of limitations for tort claims, 28 U.S.C. § 2415(b).

RTC spends little time contesting the defendants' assertions with respect to the time of accrual and the relevant statutes of limitation.[1] Rather, the thrust of RTC's argument is that, regardless of the relevant time frame, the running of the statute of limitations was tolled until RTC was appointed as receiver on December 8, 1989 and then suit was timely filed on December 7, 1992 pursuant to 12 U.S.C. § 1821(d)(14).[2] In fact, the RTC states in its brief that the "only limitations issue before this Court is whether the applicable period was tolled by the doctrine of adverse domination until AP was placed into receivership on December 8, 1989." RTC argues that the federal common law doctrine of adverse domination, under which "a statute of limitations is tolled on an action against director/officer misconduct so long as a majority of the board is controlled by the alleged wrongdoers," *FDIC v. Cocke,* 7 F.3d 396, 402 (4th Cir.1993), *does* apply because federal law applies to this case.

The defendants counter by arguing that *Virginia* law applies with respect to the statute of limitations prior to RTC's appointment and Virginia does not expressly recognize adverse domination. Defendants also argue that adverse domination does not apply even with respect to the limitations period found in 28 U.S.C. § 2415 because there are specific statutory tolling provisions applicable to § 2415. Because of this, defendants assert, the applicable federal limitations period had run before RTC was appointed receiver and the accrual provision under 12 U.S.C. § 1821(d)(14) upon which RTC relies does not apply retroactively to revive a stale claim.

## A. *Virginia Statute of Limitations*

[W]here the plaintiff is a federal entity with assigned rights, determining whether the claim is barred by the statute of limitations is a two-step process. First, the court must determine whether the claim was viable on the date the RTC became the conservator of the bank. This determination is made with reference to the applicable state statute of limitations. Second, the court must determine whether—assuming the claim was viable at the time the RTC took over the institution—the RTC brought suit within the time specified in 12 U.S.C. § 1821(d)(14).

*RTC v. Hecht,* 833 F.Supp. 529 (D.Md.1993). Guided by Fourth Circuit precedent, the Court finds that the first step of this "two-step process" is determinative in the instant case.

The Fourth Circuit recently addressed issues identical to those involved in this case. *FDIC v. Cocke,* 7 F.3d 396 (4th Cir.1993). In *Cocke,* the FDIC was appointed as receiver of McLean Savings & Loan Association, a state-chartered savings association. The FDIC sued numerous former directors and officers of McLean alleging breach of fiduciary duty. The defendants filed motions to dismiss or for summary judgment based on a statute of limitations argument and the district court "granted summary judgment for the defendants on the basis that the applicable Virginia statute of limitations had run before the FDIC acquired rights in the cause of action." *Id.* at 399–400 (citing district court orders). The FDIC appealed.

In assessing the proper application of the statute of limitations, the Fourth Circuit stated, "These breach of duty causes of action are hybrid in nature—authorized and enabled by state law, but appropriated by the FDIC as a means of redress for violations of various banking acts.... The most proble-

---

**1.** RTC does contest the application of Va.Code Ann. § 8.01–248 and 28 U.S.C. § 2415(b) in a footnote. With respect to Va.Code Ann. § 8.01–248, RTC simply asserts that Virginia law does not apply at all in this case. *See* Pl.'s Mem. P. & A. Opp'n Defs.' Mot.Summ.J. or, Alternatively, Partial Summ.J. at 5 n. 13.

**2.** 12 U.S.C. § 1821(d)(14) provides for a three-year statute of limitations which begins to run from the later of "(i) the date of the appointment of the ... receiver; or the date on which the cause of action accrues."

matic aspect of these actions is the determination of whether a statute of limitations bars the claim." *Id.* at 399–400. Stating that "the applicable state statute of limitations controls whether the action is viable when the right to bring the action inures to the FDIC," the Fourth Circuit determined that Va.Code Ann. § 8.01–248's one year limitations period was the proper one to apply. *Id.* at 399–402. The FDIC argued that "federal law should guide and inform the application of the state statute of limitations" and that a "uniform federal tolling rule patterned after the doctrine of adverse domination" should be incorporated. *Id.* at 399–400. The Fourth Circuit, however, disagreed. Finding that the claims were "uniquely state-law causes of action" and that the FDIC had "failed to demonstrate the presence of a federal program suffering from the absence of a controlling piece of federal law," the court decided there was no need for uniform federal law and applied Virginia law. *Id.* at 400–01.

The Fourth Circuit noted that Virginia has not adopted the doctrine of adverse domination but formed a guideline for cases such as this based on Virginia's application of equitable estoppel as a tolling mechanism. The court held that, in order for the FDIC to establish that the statute of limitations was tolled, the

> FDIC will have to do more than show that all of McLean directors were implicated in the wrongdoing, and that it was unable to sue until it became the corporation's receiver. The FDIC also will have to show that the directors concealed their wrongdoing from McLean, [its subsidiary], and their shareholders, the parties from whom the FDIC derived its interest in this lawsuit, during the period after the last act of alleged misconduct until the FDIC became receiver.

*Id.* at 403.

■ Applying the teachings of *Cocke* to the instant case, it is clear that the one year limitations period of Va.Code Ann. § 8.01–248 applies to the claims asserted by RTC. Therefore, unless the running of the limitations period was somehow tolled between 1985 and December 1989, RTC received

"stale claim[s] [from AP] and may not pursue [them]." *Id.* at 402. With respect to the tolling issue, RTC admitted during oral argument that it can offer no evidence that the defendants concealed their alleged wrongdoing and therefore RTC cannot rely upon the "equitable estoppel" theory of tolling outlined by the Fourth Circuit in *Cocke.*

■ Rather, relying upon a factual distinction between this case and *Cocke,* RTC asks the Court to find that adverse domination tolled the statute of limitations until RTC was appointed as receiver, an argument similar to that which was unsuccessful for the FDIC in *Cocke.* RTC asserts that the savings and loan association in *Cocke* was a state-chartered institution and AP was federally chartered at the times relevant to this case. RTC cites to language in *Cocke* where the Fourth Circuit states: "Because McLean was incorporated and operated under the laws of Virginia, the state's laws also govern the nature and viability of any actions against McLean directors and affiliates." *Id.* at 398 n. 1. Here, RTC declares that because AP was federally chartered, the converse is true and AP's claims against the defendants, subsequently transferred to RTC, are federal common law claims. Hence, it is appropriate to apply the doctrine of adverse domination under federal common law.

The Court finds that the federal versus state charter distinction put forth by the RTC is meaningless in the context of what tolling rules apply to the state statute of limitations. Therefore, the analysis set out in *Cocke* is controlling—Virginia law, not federal common law, applies. The *Cocke* case itself, as well as other case law within the Fourth Circuit, dictates this finding. In its analysis of why federal law did *not* "guide and inform the application of the statute of limitations," *Id.* at 400, the *Cocke* court cited to an earlier Fourth Circuit opinion, *White v. FDIC,* 122 F.2d 770 (4th Cir.1941), for the proposition that Virginia law applied. The *White* case dealt with a *national* bank, not a Virginia bank, and the *Cocke* court cited to it as "looking to Virginia law to determine whether Virginia's statute of limitations is

tolled during period of director wrongdoing." *Cocke,* 7 F.3d at 400.

Even closer on point is *RTC v. Hecht,* 818 F.Supp. 894 (D.Md.1992). In *Hecht,* Judge Ramsey analyzed a situation essentially identical to the one at hand. The savings and loan was federally chartered, the RTC was alleging negligence, gross negligence, breach of duty and breach of contract based on speculative loans, and the defendants asserted that the claims were barred by the Maryland statute of limitations. Despite the fact of the S & L's federal charter, the court applied the Maryland statute of limitations and agreed with the RTC that a form of adverse domination should apply, but based its conclusion on another Maryland district court opinion which Judge Ramsey said had predicted what *Maryland* courts would do. *Id.* at 899. Later, another judge dealt with the same issue in the same case and said: "The Court concludes, as did Judge Ramsey, that the statute of limitations should be applied by the federal court in the same manner as would a Maryland state court." *Hecht,* 833 F.Supp. at 530. In order to determine whether Maryland courts would recognize the doctrine of adverse domination, the court "certif[ied] the adverse domination question to the Maryland Court of Appeals," *id.* at 531, and then went on to predict what it thought the Maryland court would do.

The fact that AP was a federally chartered institution does not alter the requirement that this Court apply Virginia law to determine whether the claims asserted by RTC are barred by the statute of limitations. The negligence, gross negligence, and breach of fiduciary duty claims at issue accrued, at the latest, in 1985. The one year limitations period was not tolled pursuant to the "equitable estoppel" theory set out in *Cocke.* Therefore, the claims were barred before they were assigned to the RTC.

#### B. *The Federal Statute of Limitations*

Because the Court holds that the RTC's claims are barred by Virginia's one-year statute of limitations governing tort claims not related to bodily injury, defendants' argument based on the federal statute of limitations is moot.

### III. *Conclusion*

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.