■ F. MacCormack Agency, Respondent-Appellant, v Sullivan Systems Corporation, Appellant-Respondent. [656 NYS2d 879] —In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated November 20, 1995, as, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $70,125. The plaintiff cross-appeals, as limited by its brief, from so much of the same judgment, as, in effect, dismissed its cause of action to recover damages for fraud and its cause of action under General Business Law § 349.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On June 23, 1988, the parties entered into a written agreement whereby the defendant sold and licensed to the plaintiff certain computer hardware and software for use in the plaintiff's business. The software licensing provision in the agreement provided, *inter alia*, that the plaintiff could seek a refund, for any reason, within 30 days after the delivery of the software products. On October 24, 1988, the defendant delivered the computer and several component parts. However, the evidence shows that the software was not delivered until December 7, 1988. Accordingly, the plaintiff's exercise of the 30-day refund option on December 26, 1988, was timely (*cf., Triangle Underwriters v Honeywell, Inc.*, 604 F2d 737; *Dreier Co. v Unitronix Corp.*, 218 NJ Super 260, 527 A2d 875; *Rochester Welding Supply Corp. v Burroughs Corp.*, 78 AD2d 983).

The parties' remaining contentions are academic or without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.