Matter of Investec (US) Inc. v Baron (2004 NY Slip Op 50081(U))

[*1]

Matter of Investec (US) Inc. v Baron

2004 NY Slip Op 50081(U)

Decided on February 24, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2004

Supreme Court, New York County
In the Matter of INVESTEC (US) INCORPORATED and FREDERICK GORDON BRACKIS, Petitioners,
against
BARBARA BARON, Personal Representative and Executrix of the Estate of Cecelia Blumberg, Deceased, and EDWARD BARON, Respondents.
Index No. 120269/03

KIBBIE F. PAYNE, J.
Petitioners move pursuant to CPLR 7503(b), to stay the arbitration commenced by respondents on the ground that the claim sought to be arbitrated is barred by the applicable limitation of time [CPLR 7502 (b)].
An Affirmation of Service which accompanies the moving papers indicates that respondents were served with copies of the order to show cause, petition and memorandum of law on November 26, 2003; however, there has been no appearance or opposing papers filed by respondents. Consequently, on the return date of December 17, 2003, the court marked the motion "submitted upon default."
Petitioners Investec (US) Incorporated f/k/a Investec Ernst & Company ("Investec") and one of its representative agents, Frederick Gordon Brackis ("Brackis"), seek a stay in connection with arbitration proceedings commenced by respondents who filed a Statement of Claim with the National Association of Securities Dealers ("NASD") on October 14, 2003. In their Statement of Claim in arbitration, respondents allege claims for violation of state [Virginia] and federal [§ 10-b of the Securities Exchange Act of 1934] securities fraud laws, breach of fiduciary duty and negligence. Respondents, who reside in Virginia, claim that their brokerage investment accounts maintained with Investec and managed by Brackis in New York, were negligently and/or fraudulently handled by petitioners, resulting in combined losses of approximately $400,000. As a result, respondents filed for arbitration with NASD in Virginia. Petitioners now move to stay the underlying arbitration claiming that all of the bond purchases at issue were made during the period of July 18, 1994 through July 1, 1998 and are, therefore, time-barred by the applicable statute of limitations. As a result, petitioners ask that respondents be barred from prosecuting the arbitration proceeding.
Here, Paragraph 17 of the customer agreement executed between petitioner Investec and respondents provides, in relevant part, that:

"ALL CONTROVERSIES WHICH MAY ARISE BETWEEN THE PARTIES CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, [*2]PERFORMANCE, OR BREACH OF THIS ... AGREEMENT ... PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION."
The parties' agreement further provides in Paragraph 14 that :

 "THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF NEW YORK AND SHALL BE CONSTRUED, AND THE RIGHTS AND LIABILITIES OF THE PARTIES DETERMINED, IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK."
"Substantively, CPLR 7502 (b) provides that the period of limitation for an arbitration proceeding is the same as the period that would govern if an action were brought on the same claim" in court (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7502:5). Thus, an opponent of arbitration may seek a stay of arbitration, if at the time arbitration is commenced it would be time-barred by the applicable statute of limitations if brought in a judicial forum. Moreover, the court, not arbitrators are empowered under New York's statutory framework to determine timeliness issues in arbitration (see Smith Barney, Harris Upham & Co., Inc. v Luckie, 85 NY2d 193).
Applying New York law in accordance with the parties' agreement, pursuant to New York's borrowing statute, CPLR 202, where an action based upon a cause of action accrues outside of this state in favor of a nonresident plaintiff, the claim must be timely under both the law of New York and the jurisdiction where the claim accrued. In Global Financial Corp. v Triarc Corp. (93 NY2d 525), the Court of Appeals held that where the alleged injuries are purely economic, as herein, "the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss" (id. at p 529). Thus, since respondents are all Virginia residents, the arbitral claims accrued in Virginia (see e.g. Martin v Julius Dierck Equipment Co., 43 NY2d 583, 591; In re Smith Barney, Harris Upham & Co., 85 NY2d 193, 207, cert. denied 116 S. Ct. 59; Prefabco Inc. v Olin Corp., 71 AD2d 587, 588) and must be timely under Virginia's statute of limitations upon applying New York's borrowing law. Therefore, using the shorter Virginia statute of limitations, when applied to all of the claims asserted in arbitration, from the dates of purchase to the interposition of the claims on November 10, 2003 (that is, the date of receipt of the Statement of Claim), they are all found to be time-barred.
Under Virginia's Blue Sky Law § 13.1-522, "no suit shall be maintained to enforce any liability created under this section unless brought within two years after the transaction upon which it is based." Thus, the latest possible date for raising a claim for violation of this statute with respect to transactions made between July 18, 1994 and July 1, 1998, was July 1, 2000.
As to the alleged violation of Section 10-b of Securities Exchange Act 1934, Section 804 of the Sabanes-Oxley Act of 2002 provides that: "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulator requirement concerning the securities laws ... may be brought not later than the earlier of (1) two years after the discovery of the facts constituting the violation; or (2) five years after such violation" (28 [*3]U.S.C. § 1658). Applying the statute most favorably to respondents' claims, the statute of limitations would have expired five years after the last purchase on July 1, 1998, or July 1, 2003.
Finally, as to the claims for breach of fiduciary duty and negligence, I find that they are also time-barred. While the Supreme Court of Virginia has not decided which limitations period applies to claims of breach of fiduciary duty or negligence, the Fourth Circuit has held the one-year period for personal actions applicable to breach of fiduciary duty claims (see e.g. Singer v Dungan, 45 F.3d 823, 827 [4th Cir. 1995]). The Fourth Circuit also has affirmed a district court's application of the one-year period to claims of negligence (see e.g. RTC v Everhart, 837 F. Supp. 155, 158 [E.D. Va. 1993], affd 37 F.3d 151 [4th Cir. 1994]). Since the damage is alleged to be economic in nature, the breach is said to have occurred on the date of each purchase and not the date of discovery (Goldstein v Malcolm G. Fries & Assocs., Inc., 72 F. Supp.2d 620, 627 [E.D. Va. 1999]). The latest transaction occurred on July 1, 1998, one year from that date would have been July 1, 1999. Consequently, the claims for breach of fiduciary duty and negligence are likewise time-barred. Accordingly, it is
ORDERED AND ADJUDGED that all of the arbitral claims are dismissed as time-barred pursuant to CPLR 7502 (b), and it is further
ORDERED AND ADJUDGED that petitioner's application for a stay of arbitration is granted on default.
The foregoing constitutes the decision and judgment of the court.
Dated: February 24, 2004ENTER:
 J. S. C.

Decision Date: February 24, 2004